**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-10557

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PARKER, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

August 22, 1995

Before POLITZ, Chief Judge, JONES, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant, Charles Parker, Jr. ("Parker") was convicted of six counts of obstructing commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951, and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). We vacate and remand.

FACTS AND PROCEEDINGS BELOW

Parker robbed six business establishments in Fort Worth, Texas within a two week period in the Fall of 1993. His total take was approximately $500. Two additional counts charged him with use of a firearm during two of the robberies.

Parker pleaded not guilty and the cases were tried to a jury. During opening statements, Parker's attorney told the jury that Parker did not contest that he committed the robberies. Rather, his theory of the case was that the "firearm" used in the robberies was a toy pistol, which his father would testify was found in his trousers after his arrest. Counsel stated that the sole eyewitness to the robbery in Count 3, David Fleming, would admit that the weapon he observed "could have been a toy gun."

Fleming was called as a government witness and on cross examination denied admitting during an interview with Maria Nava, a defense investigator, that the gun used in the robbery could have been a toy gun. The defense called Nava later in the trial, but did not question her about Fleming's statement regarding the gun. Three of the robberies were video taped, and no gun was visible in the video tapes.

On March 8, both parties rested just before noon, and the jury was dismissed for lunch break until 1:00. During the lunch break, Parker moved to reopen his case, so that he could recall Nava and "ask her one question that is crucial to my case." Specifically, Parker wanted to ask Nava whether Fleming had admitted to her that the gun involved in his robbery could have been a toy gun. The government opposed the motion, and the court denied it orally, on the record, stating:

> the government would be entitled to rebuttal, and I'm not sure I want to get in to all of that....I don't think we're at a point in the trial that that would be appropriate, so I'm going to deny that request.

The government emphasized the omission of this testimony by

arguing during closing, "You heard Mr. Fleming. Nobody tested his credibility."

## DENIAL OF MOTION TO REOPEN

We review the denial of a motion to reopen a criminal case for abuse of discretion. *United States v. Walker*, 772 F.2d 1172 (5th Cir. 1985). In exercising its discretion on a motion to reopen a criminal case after the close of evidence, the district court

> must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury...[S]uch testimony should not 'imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered.'

*Id.* at 1177, quoting *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir. 1982). This Court reversed Walker's conviction, finding that the district court abused its discretion in denying Walker's motion. The government rested before the end of the day on a Friday, and Walker moved to reopen the case so that he could testify at the commencement of court on Monday. Therefore, the first factor, timeliness, weighed against Walker, but the delay was termed "minor." *Id*. at 1177. Second, the character of the testimony was testimony of the defendant who had not previously taken the stand, which the court considered of "such inherent significance" that it weighed "heavily" in favor of the defendant. *Id.* at 1178-1179. Third, this Court found that the effect of granting the motion weighed slightly in favor of Walker, because

3

there was no showing of prejudice to the government, and no disruption to the orderly flow of testimony or to the court's docket. Also, any undue emphasis derived from the timing could have been remedied by a cautionary instruction. *Id*. at 1179-1183. Finally, Walker's excuse for delay, that he was emotionally upset and unprepared to testify on Friday, was found "not significantly unreasonable." *Id*. at 1184.

The record does not reveal the weight assigned by the district court to these enumerated factors in Parker's case. We must nevertheless apply the factors to Parker. The timeliness of his motion -- a delay of one hour, during which the court took its normal lunch break -- weighs in favor of Parker. Second, the nature of the testimony was an attack on the credibility of the only eyewitness to the disputed use of a firearm. Parker argues that it is crucial and goes to the heart of the only disputed fact in the case. This was magnified by Parker's opening argument, when counsel told the jury that Fleming would admit the gun might have been a toy, and by the government's statement in closing that, "Nobody tested [Fleming's] credibility." The government responds that the "toy gun theory" was adequately developed through Parker's father's testimony, the defense had the opportunity to cross examine Fleming to attack his credibility, and Nava was not an active participant in the robbery, thereby minimizing the importance of her testimony. Because the testimony went to the one disputed fact in the trial, and was the only source of testimony available to Parker to question the eyewitness account, the second

4

factor weighs in favor of Parker. Third, there is no contention that reopening testimony would have disrupted the court's docket. The government contends that reopening testimony would have confused the jury, prejudiced the government, and placed undue significance on Nava's additional testimony. Parker disputes that allowing the testimony right after lunch would have had any adverse impact on the jury's perception of the evidence. Neither party addresses the possible effect of a cautionary instruction in this case. It is clear to us that, with proper cautionary instruction, the jury could have adequately weighed the additional testimony. The third factor therefore favors Parker. Finally, the excuse given, that defense counsel simply made a mistake, seems reasonable and does not appear to be a subterfuge for seeking delay or unfair advantage.

Not only do all of the *Walker* factors favor Parker, this second conviction under 18 U.S.C. § 924(c) results in a mandatory twenty (20) year sentence which runs consecutively with the five (5) year sentence imposed as a result of the first § 924(c) conviction. Based on the foregoing, we hold that the district court abused its discretion in denying Parker's motion to reopen.

CONCLUSION

Because of our dispostion of this question, we find it unnecessary to reach Parker's remaining points of error. Parker's conviction is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.

5