**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles PARKER, Jr., Defendant–
Appellant.**

No. 94–10557.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1997.

Kathleen A. Felton, Department of Justice, Washington, D.C., Frank D. Able, Assistant U.S. Attorney, Office of the United States Attorney, Dallas, TX, for plaintiff-appellee.

Peter Michael Fleury, Federal Public Defender's Office, Fort Worth, TX, for defendant-appellant.

Before POLITZ, Chief Judge, and KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, PARKER and DENNIS, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

We granted rehearing *en banc* to consider whether the district court correctly instruct-

ed the Appellant Charles Parker, Jr.'s ("Parker") jury on the elements of a Hobbs Act offense, 18 U.S.C. § 1951, and whether, if the instruction was erroneous, the error was subject to a harmless error analysis.

The panel opinion on petition for rehearing, relying on *United States v. Gaudin*, ⸺ U.S. ⸺, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), concluded that the trial judge erred by reserving for himself the question of whether or not the alleged acts of Appellant Parker affected interstate commerce. Having reviewed the record and the briefs and arguments of the parties, we have determined that the trial court committed no *Gaudin*-type error. Any error that existed in the charge given below was harmless. We therefore leave for another day the question whether *Gaudin* error, i.e. a failure to submit an essential element of a crime to the jury, is subject to a harmlessness analysis.

The remaining portions of the panel opinion on petition for rehearing, including the discussions of the denial of Parker's motion to reopen, the interstate commerce element in the indictment and double jeopardy, are reinstated. *See United States v. Parker*, 73 F.3d 48, 53–55 (5th Cir.1996).

We AFFIRM Parker's Hobbs Act convictions, REVERSE his § 924(c) convictions, VACATE his sentence, and REMAND this cause to the district court for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, VACATED and REMANDED.

DeMOSS, Circuit Judge, dissenting.

Parker robbed six retail business establishments in Fort Worth, Texas, within a two-week period in the fall of 1993.[1] His total take was approximately $500. He was charged in federal court with "obstructing, delaying or affecting" interstate commerce by robbery, and with use of a firearm, during two of the robberies. Parker pleaded not guilty and the cases were tried to a jury. The jury found him guilty of all eight counts. The district court then sentenced Parker to serve 430 months.[2]

The district court instructed the jury as follows:

If you believe beyond a reasonable doubt the government's evidence regarding the handling of cash proceeds from the Payless Shoe Store referred to in Count 1 of the indictment, that is, that monies obtained from the operations of such store were routinely wired or electronically transferred from the State of Texas for deposit in a bank in another state, then you are instructed that the interstate commerce element, which I have just referred to as

---

**1.** The robberies involved in this case were typical garden variety robberies which occur routinely in cities, towns, and villages across this land and are customarily dealt with by the local police departments and the state's prosecutorial offices. The date, place, persons robbed, and cash taken in each count of the indictment are as follows:

| Count 1 | October 29, 1993 | Payless Shoe Store |
| | Saida Cervera | $136.00 |
| Count 2 | November 4, 1993 | Chevron Station |
| | Nancy Dold | $ 27.00 |
| Count 3 | November 5, 1993 | Chief Auto Parts Store |
| | David Fleming | $ 40.00 |
| Count 4 | Use of gun in regard to Count 3 | |
| Count 5 | November 5, 1993 | Fina Station |
| | Gilbert Neal | $ 50.00 |
| Count 6 | Use of gun in Count 5 | |
| Count 7 | November 6, 1993 | Diamond Shamrock Service Station |
| | Rhonda Taylor | $ 97.00 |
| Count 8 | November 11, 1993 | Edwards Drug Store |
| | Lisa Edwards | $109.00 |

**2.**

| 130 | months each as to Counts 1, 2, 3, 5, 7 and 8 to run concurrently |
| 60 | months as to Count 4 to run consecutively to Counts 1, 2, 3, 5, 7 and 8 |
| 240 | months as to Count 6 to run consecutively to prior sentences |
| 430 | months total to serve. |

the third element of the offense charged by Count 1 of the indictment has been satisfied.[3]

Parker filed these written objections to the court's charge:

The finding by the court that certain facts establish the interstate commerce nexus deprives the defendant of due process, and the right to trial by jury. Counsel recognizes Fifth Circuit law allows this procedure under the theory the interstate commerce element is jurisdictional. However, counsel believes current Fifth Circuit law to be in conflict with the logic of Supreme Court precedent. In *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270 [4 L.Ed.2d 252] (1960), the Supreme Court unequivocally stated:

"[T]here are two essential elements of a Hobbs Act crime: interference with commerce, and extortion [in this case, robbery]. Both elements have to be charged. Neither is surplusage and neither can be treated as surplusage. The charge that interstate commerce is affected is critical since the Federal Government's jurisdiction of this crime rests only on that interference." (alteration in Parker's written objection).[4]

In *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), decided after Parker's trial, the Supreme Court unanimously held that "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *Gaudin,* —— U.S. at ——, 115 S.Ct. at 2314. In *Gaudin,* the district court instructed the jury that, to convict the defendant, the government was required to prove, *inter alia,* that the alleged false statements were material. However, the court further instructed that " '[t]he issue of materiality . . . is not submitted to you for your decision but rather is a matter for the decision of the court. You are instructed

that the statements charged in the indictment are material statements.' " *Id.* at ——, 115 S.Ct. at 2313. The Supreme Court upheld the reversal of Gaudin's conviction because the jury's constitutional responsibility is not merely to determine the facts but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence. *Id.* at ——, 115 S.Ct. at 2315.

The government contends that *Gaudin* differs from this case in that, in *Gaudin,* the trial court took a factual element away from the jury entirely, while in this case the jury was instructed that they—not the judge—had to believe beyond a reasonable doubt the evidence supporting an interstate commerce finding. That is not how I read *Gaudin.*

The language from the *Gaudin* opinion describing the jury instruction clearly refers to the statements in question as "alleged," leaving the factual issue of whether or not the statements had been made for the jury to decide. *Id.* at ——, 115 S.Ct. at 2313. Additionally, the argument advanced by the government in *Gaudin* belies the interpretation proposed by the government here. In *Gaudin,* the government argued that the requirement that the jury decide all elements of a criminal offense applies only to the factual components of the essential elements and not to mixed questions of fact and law. *Id.* at ——, 115 S.Ct. at 2314. The Supreme Court rejected this argument, holding that even mixed questions of law and fact were the province of the jury. *Id.* The question taken away from the jury by the trial court in *Gaudin* is analogous to the circumstance in the present case. The trial court charged the jury with deciding if the alleged acts occurred and improperly reserved for itself the question of whether or not the alleged acts affected interstate commerce.

The government next attempts to distinguish Parker's case from *Gaudin* on the basis that a different element of the crime was taken away from the jury by the trial

---

**3.** Similar instructions were given as to each of the robberies charged.

**4.** It is important to note that this case involves a claim of error raised by timely objection in the district court and we assess the impact of such error under the terms of Rule 52(a) as to whether

it affected a substantial right. As this Court held in *United States v. Pettigrew,* 77 F.3d 1500 (1996), failure to submit to the jury an element of the crime for its determination beyond a reasonable doubt cannot possibly be "harmless error."

court. In *Gaudin*, it was materiality; in this case, it was the finding of an effect on interstate commerce. The government contends that, because the interstate commerce element is necessary for jurisdiction, it is appropriately a matter for the judge's determination. In the Fifth Circuit, prior to *Gaudin*, the trial court determined whether the facts alleged met the statutory requirement of affecting interstate commerce. *United States v. Hyde*, 448 F.2d 815, 839–841 (5th Cir. 1971), *cert. denied*, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972).[5] However, *Gaudin* makes it clear that, although the court must instruct the jury on the law, criminal defendants have a constitutionally guaranteed right to demand that the jury decide guilt or innocence on every element, including any application of the law to the facts. *Gaudin*, —— U.S. at ——, 115 S.Ct. at 2315. In finding constitutional error, *Gaudin* provides no basis for distinguishing "materiality" from "an effect on interstate" commerce by labeling the latter jurisdictional.

Chief Justice Rehnquist, in his concurring opinion, referred to the "syllogistic neatness" of the *Gaudin* decision: "every element of an offense charged must be proven to the satisfaction of the jury beyond a reasonable doubt; 'materiality' is an element of the offense charged under § 1001; therefore, the jury, not the Court, must decide the issue of materiality." *Gaudin*, —— U.S. at ——, 115 S.Ct. at 2320. In applying *Gaudin* to the Hobbs Act in Parker's case, we must determine whether the second premise of the syllogism holds up, i.e., whether affecting interstate commerce is an element of a Hobbs Act violation. The government in *Gaudin* did not contest that materiality was an element of the offense charged. Likewise, the government in this case does not contest that affecting interstate commerce is an element of a Hobbs Act violation. Therefore, under *Gaudin*, it was error for the trial judge to decide the element of effect on interstate commerce.

Finally, the government contends that the instructions in this case can be distinguished from the instructions in *Gaudin* because the instructions in this case "did not entirely remove" the element of "effects on commerce" from the jury's consideration, while the instruction in *Gaudin* entirely removed the element of materiality. Unfortunately, in my view, the en banc majority swallowed this distinction hook, line and sinker, without so much as one citation to any case or any elaborations of what reasoning they used to arrive at this conclusion. A determination that "the trial court committed no *Gaudin*-type error," which is the heart of the majority's opinion, gives no indication whatsoever to the Bench and bar of this Circuit (i) as to what "a *Gaudin*-type error" is nor (ii) how elements of a crime which involve mixed questions of fact and law should be submitted after the Supreme Court's decision in *Gaudin*. This is the second occasion (see *United States v. McGuire*, 99 F.3d 671 (1996)) on which our Court has, in my view, ducked its obligation to give guidance to judges and practitioners as to developing legal issues.

I respectfully dissent from the conclusory disposition of this case.

DENNIS, Circuit Judge, dissenting.

I respectfully dissent from the majority's decision that "no *Gaudin*-type error" occurred and to "leave for another day the question whether a *Gaudin* error, i.e. a failure to submit an essential element of a crime to the jury, is subject to a harmlessness analysis".

---

**5.** Thus, the trial judge's instruction was entirely proper at the time it was given under existing Fifth Circuit precedent.