IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11111
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER LEE JACOBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-74-ALL

_____

August 6, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Walter Lee Jacobs appeals his jury conviction for three counts
of illegal possession of a firearm by a convicted felon in
violation of 18 U.S.C. § 922(g). Jacobs argues that the district
court erred in excluding an out-of-court statement of Sam Brown in
which Brown stated that he was the owner of two firearms that are
the subject of counts one and two. The district court did not
clearly err in holding that Jacobs did not present sufficient
corroborating evidence to establish the trustworthiness of the
statement. See United States v. Dean, 59 F.3d 1479, 1492 (5th Cir.
1995). Further, any error in the omission of the evidence was
harmless as the government presented substantial evidence linking

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jacobs to the 2718 Cross Street residence in which the firearms were found and to the firearms, including the current documents found in the residence listing Jacobs' name and the Cross Street address, the photograph of Jacobs holding the SKS rifle found under the bed in the Cross Street residence, and Jacobs' own statement when he was booked that he lived at the Cross Street residence. The omission of Brown's out-of-court statement did not prevent Jacobs from presenting a defense or witnesses in violation of the rule set forth in Chambers v. Mississippi, 410 U.S. 284, 302 (1973) or Washington v. Texas, 388 U.S. 14, 19 (1967).

Jacobs also argues that the district court's jury instruction concerning the interstate commerce element of the offense removed that element from the jury's consideration in violation of the rule in United States v. Gaudin, 515 U.S. 506 (1995). Jacobs acknowledges that his argument is foreclosed by this court's decision in United States v. Parker, 104 F.3d 72, 73 (5th Cir.)(en banc), cert. denied, 520 U.S. 1223 (1997), as the district court's jury instruction merely explained what evidence was required to establish the interstate commerce element of the offense.

A F F I R M E D.

2