IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10811
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PARKER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CR-002)

_____

October 22, 1999

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In United States v. Parker, 104 F.3d 72 (5th Cir. 1997), our court affirmed the convictions of Parker under the Hobbs Act for six counts of obstructing commerce by robbery. Our court reversed and remanded his convictions under 18 U.S.C. § 924(c) for using a firearm during the commission of a federal crime of violence, i.e., the robberies. On retrial, Parker has again been convicted on the section 924(c) counts. He now appeals those convictions. He contends that the evidence presented at the trial on remand to support the commission of the predicate offenses (the robberies under the Hobbs Act that we previously affirmed) was insufficient

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to support his convictions for the section 924(c) offense of carrying a gun during a crime of violence that is prosecutable in federal court. Specifically, he argues that the government failed to present any evidence in this second trial that the robberies affected interstate commerce. Parker also argues that if the evidence was sufficient, the court erroneously instructed the jury in regard to the section 924(c) offenses. We affirm the judgment of convictions.

Although we affirm Parker's convictions, we are unable to agree upon a uniform analysis to reach this result. Judge Jolly concludes that the evidence is sufficient with respect to the underlying predicate offense because Parker testified that he was convicted of the robberies alleged in the indictment. Judge Jolly further concludes that the admission of the specific convictions is an admission of all of the elements of those crimes necessary to support those convictions. He would also observe that only the fact of the predicate offense need be proved for a section 924(c) conviction, not each element of the offense. On the other hand, especially in the light of Parker's admission at the second trial that he committed the robberies, Judge Barksdale would affirm the convictions under the doctrine of law of the case, that is, inasmuch as our previous opinion specifically decided that the government had proved all the elements of the predicate offense, including the jurisdictional element, he would not allow that fact to be retried again in this same case. Thus, although based on

different analyses, both Judge Jolly and Judge Barksdale agree that proof of the predicate offense has been satisfied, and thus join to affirm the section 924(c) convictions of Parker.

Judge Benavides dissents. He concludes that Parker's statement that he had been convicted of the two robberies that "we're talking about here" is insufficient evidence to establish the interstate element of the predicate offense. Judge Benavides would not apply, and is unaware of any case which has applied, the law of the case doctrine to impose one element in a jury's verdict on a different jury considering a separate and distinct offense. He further concludes that the application of that doctrine here would amount to a de facto application of the doctrine of collateral estoppel against the defendant in the new trial on remand, which would have the effect of relieving the government of its constitutional burden of proving the elements of the section 924(c) offenses beyond a reasonable doubt. Judge Benavides concludes that although the government could have introduced the previous robbery convictions, affirmed by this court, as evidence to prove the interstate element of the predicate offenses on remand, he points out that is not what happened at trial. Although the government was apparently willing to present evidence of these previous convictions, and offered to do so, the district court precluded the government's introduction of that evidence on the grounds that it was unnecessary, notwithstanding that at all times the defendant insisted that the interstate commerce nexus be proved

3

and that such an essential element was for the jury to determine. Thus, Judge Benavides would reverse the section 924(c) convictions for insufficiency of the evidence to establish the interstate element of the predicate offense. Furthermore, Judge Benavides would hold that the district court committed serious and reversible error by peremptorily instructing the jury that, because a conviction had already been obtained on the Hobbs Act robberies which constituted the predicate offenses of the section 924(c) counts, the jury need only consider whether a gun was used in relation to the robberies. Thus, the court's instruction denied Parker, whose defense was based on a deficiency of the nexus element, his right to have the jury determine the nexus element of the section 924(c) prosecution and denied Parker his theory of defense.

In sum, with Judge Benavides dissenting, the judgment is

A F F I R M E D.