**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-50567

_____

UNITED STATES OF AMERICA,                                          Plaintiff-Appellee,

versus

GERONIMO JACQUEZ,                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-98-CR-1629)

_____

April 3, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges:

PER CURIAM[*]

In this criminal appeal, Defendant-Appellant Geronimo Jacquez appeals his conviction for making a false statement in violation of 28 U.S.C. § 1001. Jacquez contends that the district court failed to instruct the jury on one of the five elements of the crime; he did not object to that alleged omission until this appeal. Nevertheless, Jacquez asks us to exercise our discretion under Federal Rule of Criminal Procedure 52(b) and to reverse his conviction under the plain error standard. We decline to do so.

I.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## Facts and Proceedings

Jacquez was stopped while crossing the United States-Mexico border at the Bridge of the Americas in El Paso, Texas. He entered the inspection lane manned by Immigration and Naturalization Service ("INS") Inspector Juan Soto, who is cross-trained as a Customs Inspector. Jacquez was driving a car with Texas license plates. In response to Inspector Soto's questions, Jacquez stated that he owned the vehicle and had purchased it about a month earlier.

Inspector Soto testified that he became suspicious of Jacquez because he seemed nervous and attempted to start a conversation with Soto, in an apparent effort to distract him from his duties. Soto inspected the trunk of the car and did not identify any visible contraband but noticed that the plastic screws on the wheel well did not match the lining of the trunk and that they were too tight to loosen by hand. Soto put his fingers through a vent in the cover and felt what he identified as bundles wrapped in plastic.

Soto escorted Jacquez to Customs headquarters where other inspectors discovered 69.8 pounds of marijuana in the wheel well. Jacquez denied knowing the marijuana was in the car and told Customs Inspector Kelly Cook that he borrowed the car from a friend named Joel Cardenas in Juarez, Mexico. Jacquez was unable to provide an address or phone number for his friend. A records search on the car indicated that it was registered in Texas to a Julio Palacios at a non-existent address.

Jacquez was indicted on three counts for (1) importation of marijuana, (2) possession of marijuana with intent to distribute, and (3) making a false statement. In the jury trial, the court granted Jacquez's motion for judgment of acquittal on counts one and two at the close of the government's case-in-chief. The jury convicted Jacquez on the third count on the basis of his false statement regarding ownership of the vehicle, and the court sentenced him to six months imprisonment.

## II.

## Analysis

The elements of the federal crime of making a false statement, under 18 U.S.C. § 1001 are: (1) a statement, that is (2) false and (3) material, (4) made with requisite specific intent, and (5) within the purview of government agency jurisdiction.[1] The district court's jury charge, following the Fifth Circuit Pattern Jury Instructions, Instruction No. 2.50, did not include "agency jurisdiction" as an express, separate element of the offense.[2]

---

[1] United States v. Shah, 44 F.3d 285, 289 (5th Cir. 1995).

The pattern charge on False Statements to Federal Agencies and Agents, under 18 U.S.C. §§ 1001, provides:

"Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement to a department or agency of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant made a false statement to _____ [name department or agency of United States government];

Second: That the defendant made the statement intentionally, knowing that it was false;

3

Jacquez contends that, by following the pattern charge, the district court violated the Supreme Court's rule in United States v. Gaudin,[3] that a criminal defendant has a right to have the jury determine every element of the crime with which he is charged.

Jacquez did not object to the alleged error until this appeal. Rule 30 of the Federal Rules of Criminal Procedure provides: "No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires...." A right may be forfeited by the failure to make a timely objection.[4] That rule is mitigated, however, by Federal Rule of Criminal Procedure 52(b) which allows "[p]lain errors or defects affecting substantial rights" to be noticed on appeal even though they were not brought to the attention of the trial court.[5]

Rule 52(b) is permissive, not mandatory,[6] and the appellate

---

Third: That the statement was material, and
Fourth: That the defendant made the false statement for the purpose of misleading the _____ [name department or agency].
A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of [name department or agency].
It is not necessary to show that the _____ [name department or agency] was in fact misled."
In each blank requiring designation of the particular department or agency, the trial court inserted, "The United States Department of Treasury, United States Customs Service."

[3] United States v. Gaudin, 515 U.S. 506 (1995).

[4] United States v. Johnson, 520 U.S. 461, 465 (1997); United States v. Olano, 507 U.S. 725, 731 (1993); United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

[5] Johnson, 520 U.S. at 466.

[6] Olano, 507 U.S. at 735.

**4**

authority granted by it is circumscribed:  There must be (1) an "error," (2) that is "plain," and (3) that "affect[s] substantial rights."  In addition, we will not exercise our remedial discretion unless the error (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[7]

Assuming arguendo that (1) "agency jurisdiction" is an essential element of the crime, (2) the court's instruction failed to require the jury to find that element, and (3) such omission amounts to plain error under Gaudin,[8] the forfeited error, to be noticed on appeal, must also "affect substantial rights."

The "affecting substantial rights" prong of the Rule 52(b) "plain error" analysis may be satisfied in either of two ways: First, the Supreme Court has stated: "This is the same language employed in Rule 52(a), and in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings."[9]  Second, the Court has recognized that "[t]here may be a special category of forfeited errors that can be corrected regardless of their affect on the outcome."[10]  Such "structural" errors are defects "affecting the framework within which the trial proceeds, rather than simply an error in the trial

---

[7] Id. at 732 (citing United States v. Young, 470 U.S. 1, 15 (1985)) (alterations in original).

[8] See United States v. Parker, 104 F.3d 72, 73 (5th Cir. 1997) (en banc).

[9] Olano, 507 U.S. at 734.

[10] Id. at 735.

process itself."[11]

The Supreme Court has not decided whether the type of error alleged in this case -- the omission of an essential element of the crime from the jury charge -- is amenable to harmless error review or, alternatively, is in "a very limited class" of cases involving "structural errors" which defy harmless error analysis.[12]  Again, assuming arguendo, that either (1) the alleged error in this case either was analyzable as "harmless error" and that the omission was not harmless, or (2) the omission amounted to "structural error," reversible irrespective of its effect on the outcome, we would still have to consider the final element of the Rule 52(b) analysis.

Because we are convinced, on the facts of this case -- even assuming all three other elements of the Olano test for "plain error" under Rule 52(b) were satisfied -- that the forfeited error did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings," we will not exercise our discretion to notice any alleged error.[13]  We deny Jacquez's request to reverse his conviction on the basis of an error he did not raise at trial.

AFFIRMED

---

[11] Johnson, 520 U.S. at 468 (citing Arizona v. Fulminante, 499 U.S. 279, 310 (1991)).

[12] Id. at 468-69; see also Parker, 104 F.3d at 73 (leaving this question "for another day").

[13] See Johnson, 520 U.S. at 470.