IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 96-20765
Conference Calendar

—————————

PATRICK E. ROBINSON,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEP'T OF CRIMINAL JUSTICE,
INST'L DIV.; DR. ROMEO YAP,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 94-CV-2648
- - - - - - - - - -
February 20, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Patrick E. Robinson (#350300), appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint. He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The motion for leave to appeal IFP is GRANTED.

Because the balance in Robinson's prison trust account, at the time he filed his notice of appeal was only $.08, no initial partial filing fee is required. See 28 U.S.C. § 1915(b)(4). Robinson shall make monthly payments of twenty percent of the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

preceding month's income credited to his account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of Robinson is directed to forward payments from his prisoner account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee of $105 is paid.  See id.

Robinson argues that the district court erred in dismissing his § 1983 action.  We have reviewed the record and Robinson's brief and find no error in the reasoning of the district court. See Robinson v. Collins, No. H-94-2648 (S.D. Tex. July 29, 1996) (unpublished).  We decline to consider several issues raised by Robinson for the first time on appeal.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (the plain error standard), cert. denied, 115 S. Ct. 1266 (1995).

Robinson's appeal is without arguable merit and, thus, frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

Robinson is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  Robinson is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.