IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11279
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOAN TEJADA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-85-2
--------------------

August 19, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Joan Tejada has appealed her convictions and sentences for
conspiracy to distribute marijuana and for possession with intent
to distribute less than 50 kilograms of marijuana and aiding and
abetting.  We affirm.

     Tejada contends that the out-of-court statement of her
codefendant in response to an investigating officer's question
whether the codefendant was traveling with another person was
hearsay and should not have been admitted into evidence over her
objection.  Because the district court's finding that the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement was made in furtherance of the conspiracy was not clearly erroneous, and because Tejada's argument is premised on a mischaracterization of the testimony, we hold that the district court did not abuse its discretion in admitting the evidence. See United States v. Green, ___ F.3d ___ (5th Cir. June 30, 1999), 1999 WL 439438, *4; Fed. R. Evid. 801(d)(2)(E).

Tejada argues that the Government failed to prove the chain of custody of the contraband evidence. This issue goes to the sufficiency of the Government's evidence. See United States v. Jardina, 747 F.2d 945, 951 (5th Cir. 1984); United States v. White, 569 F.2d 263, 266 (5th Cir. 1978). Although Tejada raised this issue in her motion for judgment of acquittal after the Government rested, Tejada failed to renew her motion after she rested. Accordingly, the sufficiency of the Government's chain-of-custody evidence is reviewed for plain error. United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995). We will reverse Tejada's convictions only if there has been a manifest miscarriage of justice. United States v. Inocencio, 40 F.3d 716, 724 & n.12 (5th Cir. 1994); see United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (citations and internal quotation marks omitted). Tejada's conclusional arguments are insufficient, in light of the ample evidence introduced by the Government, to show that Tejada's convictions resulted in a manifest miscarriage of justice.

Tejada complains that the district court failed to adjust her offense level at sentencing for acceptance of responsibility. Because Tejada failed to object to the failure of the probation

officer to recommend the adjustment, the issue is reviewed for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Tejada contends that she should not be penalized for exercising her right to require the Government to prove her guilt at trial. "The fact that a more lenient sentence is imposed upon a contrite defendant does not establish a corollary that those who elect to stand trial are penalized." United States v. White, 869 F.2d 822, 826 (5th Cir. 1989); see U.S.S.G. § 3E1.1, comment. (n.2). Tejada also contends that conditioning receipt of the adjustment for acceptance of responsibility upon her admission of relevant conduct violates her privilege against self incrimination. The probation officer recommended that there be no adjustment in this case because Tejada had required the Government to prove her guilt at trial by denying the essential elements of guilt, not because Tejada failed to admit relevant conduct. Tejada's argument has been rejected by the court in any event. See United States v. Mourning, 914 F.2d 699, 707 (5th Cir. 1990).

Tejada's statement at sentencing was not particularly remorseful. Tejada tended to minimize her conduct, stating only that she had exercised poor judgment and had been a victim of her circumstances. Tejada has failed to show that the district court's failure to award an adjustment for acceptance of responsibility was plain error.

Tejada's convictions and sentences are AFFIRMED.