UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy Lynn CALVERLEY,
Defendant–Appellant.

No. 92–1175.

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1994.

Leonard Senerote, Delonia A. Watson, Asst. U.S. Attys., Richard H. Stephens, U.S. Atty., Dallas, TX, for appellee. .

Before POLITZ, Chief Judge, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART and PARKER, Circuit Judges.

POLITZ, Chief Judge:

This appeal provides the occasion for our *en banc* court to revisit and clarify the issue of plain error in criminal cases in this circuit. Convicted on a guilty plea of possession of ethyl ether with intent to manufacture amphetamine, Timothy Lynn Calverley challenges his sentence. Three of the assigned errors were not raised in the trial court and do not constitute plain error. The fourth is without merit. We affirm.

### Background

Calverley was arrested and indicted for possession of 2.5 gallons of ethyl ether with the intent to manufacture amphetamine.[1] At his detention hearing, he falsely testified that he had not possessed the chemical and this testimony resulted in an additional charge of perjury.[2] Calverley subsequently pleaded guilty to both charges and was sentenced to prison for 115 months.[3] The trial judge refused Calverley's request for a two-point reduction in the offense level for acceptance of responsibility,[4] and then sentenced Calverley as a career offender.[5]

On appeal Calverley urges, for the first time, three assignments of error. He maintains that the trial judge erroneously sentenced him as a career offender and retroactively applied two Guidelines sections in violation of the ex post facto clause. He also

Timothy Crooks, Asst. Fed. Pub. Defender, Ira Kirkendoll, Fed. Pub. Defender, Ft. Worth, TX, for appellant.

1. 21 U.S.C. § 841(d)(1).

2. 18 U.S.C. § 1623.

3. The sentences were imposed concurrently, 115 months on the drug charge and 60 months on the perjury charge.

4. U.S.S.G. § 3E1.1.

5. U.S.S.G. § 4B1.1.

challenges the court's denial of his request for a two-point adjustment for acceptance of responsibility. A panel of this court affirmed the trial court's sentence.[6] We determined to rehear the case *en banc*.[7]

*Analysis*

I.

One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in its forfeiture.[8] "This practice is founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact."[9] In exceptional circumstances, appellate courts may, in the interests of justice, notice errors to which no objection has been made.[10] Such circumstances are sharply circumscribed by the plain error standard requiring that unobjected-to errors be "plain" and "affect substantial rights."[11] Assuming that these require-

ments are met, appellate courts possess the discretion to decline to correct errors which do not "seriously affect the fairness, integrity, or public reputation of judicial proceedings."[12]

In *U.S. v. Olano*,[13] the Supreme Court's most recent pronouncement on plain error, the Court carefully articulated the parameters of that standard. There first must be error. Error is defined as a deviation from a legal rule in the absence of a valid waiver.[14] Waiver, the "'intentional relinquishment or abandonment of a known right,'"[15] is distinguishable from forfeiture, the "failure to make the timely assertion of a right."[16] Whereas the former results in no error, the latter does not extinguish the error. Thus, a forfeited legal error, or unobjected-to, unwaived error, may be reviewable if it qualifies.[17]

The second requirement is that the error be plain. Plain is synonymous with "clear" or "obvious," and, "[a]t a minimum," contemplates an error which was "clear un-

6. *United States v. Calverley*, 11 F.3d 505 (5th Cir.1993).

7. *Id.* at 516.

8. *United States v. Atkinson*, 297 U.S. 157, 159, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); *see also United States v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); *Peretz v. United States*, 501 U.S. 923, 952–53, 111 S.Ct. 2661, 2678, 115 L.Ed.2d 808 (1991) (Scalia, J., dissenting); *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 239, 60 S.Ct. 811, 851–52, 84 L.Ed. 1129 (1940).

9. *Atkinson*, 297 U.S. at 159, 56 S.Ct. at 392; *see also United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985); *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

10. Fed.R.Crim.P. 52(b) explains that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." According to the advisory committee notes, the rule restates the law as it existed under *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936) and *Wiborg v. United States*, 163 U.S. 632, 658, 16 S.Ct. 1127, 1137, 41 L.Ed. 289 (1896). *See* Advisory Committee's Notes on Fed.R.Crim.P. 52, 18 U.S.C.app. p. 833. *See also Peretz*, 501 U.S. at 952–53, 111 S.Ct. at 2678; *Socony–Vacuum*, 310 U.S. at 239, 60 S.Ct. at 851–52.

11. *Olano*, —— U.S. at ——, 113 S.Ct. at 1776; *Peretz*, 501 U.S. at 952–53, 111 S.Ct. at 2678; *Young*, 470 U.S. at 16, 105 S.Ct. at 1047; *Frady*, 456 U.S. at 163, 102 S.Ct. at 1592.

12. *Atkinson*, 297 U.S. at 160, 56 S.Ct. at 392; *see also Olano*, —— U.S. at ——, 113 S.Ct. at 1776; *Young*, 470 U.S. at 15, 105 S.Ct. at 1046. The rule is to be used sparingly, solely to prevent a miscarriage of justice. *Frady*, 456 U.S. at 163, 102 S.Ct. at 1592; *see also Young*, 470 U.S. at 15–16, 105 S.Ct. at 1046–47.

13. —— U.S. at ——, 113 S.Ct. 1770 (1993).

14. *Id.* at ——, 113 S.Ct. at 1777. The validity of a waiver depends on the right at stake; that is, whether "the particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary." *Id.*

15. *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

16. *Olano*, —— U.S. at ——, 113 S.Ct. at 1777.

17. *Id.*

der current law" at the time of trial.[18] Although several Supreme Court cases have stressed the importance of this element,[19] on occasion our decisions have abbreviated the plain error inquiry into whether the "issues raised for the first time on appeal are purely legal questions and failure to consider them would result in manifest injustice." [20] Such a shorthand articulation of the plain error standard improvidently suggests that *all* purely legal questions—not just those with clear answers under current law—are reviewable under the plain error umbrella. As observed by a panel of this court in *U.S. v. Rodri-guez,*[21] which foreshadows today's decision, that is an incorrect statement of the law. The Supreme Court has taught repeatedly that "plain" errors are errors which are "obvious," [22] "clear," [23] or "readily apparent;" [24] they are errors which are so conspicuous that "the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them]." [25] Although most of our opinions have recognized that an error must be clearly evident to be plain,[26] a significant number have omitted or given insufficient weight to

**18.** *Id.* The Court declined to address the situation in which "error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified." *Id.*

**19.** *See, e.g., Olano, Young, Frady; see also Namet v. United States,* 373 U.S. 179, 190, 83 S.Ct. 1151, 1156, 10 L.Ed.2d 278 (1963) (labeling appellate consideration of errors not "obviously prejudicial" as "extravagant protection"); *accord Henderson v. Kibbe,* 431 U.S. 145, 154 n. 12, 97 S.Ct. 1730, 1736 n. 12, 52 L.Ed.2d 203 (1977).

**20.** *United States v. Bullard,* 13 F.3d 154 (5th Cir.1994); *Calverley,* 11 F.3d 505; *United States v. Gross,* 979 F.2d 1048 (5th Cir.1992); *United States v. All Star Indus.,* 962 F.2d 465 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 377, 121 L.Ed.2d 288 (1992); *United States v. Kelly,* 961 F.2d 524 (5th Cir.1992); *United States v. Sherbak,* 950 F.2d 1095 (5th Cir.1992); *United States v. Hatchett,* 923 F.2d 369 (5th Cir.1991); *United States v. Cockerham,* 919 F.2d 286 (5th Cir.1990); *United States v. Garcia–Pillado,* 898 F.2d 36 (5th Cir.1990).

**21.** 15 F.3d 408 (5th Cir.1994) (Barksdale, J., writing for the court). Other Fifth Circuit cases adhering to the *Olano* standard include: *United States v. Bermea,* 30 F.3d 1539 (5th Cir.1994); *United States v. Knowles,* 29 F.3d 947 (5th Cir. 1994); *United States v. Miro,* 29 F.3d 194 (5th Cir.1994); *United States v. Stafford,* 29 F.3d 181 (5th Cir.1994); *United States v. Saenz–Forero,* 27 F.3d 1016 (5th Cir.1994); *United States v. Iwegbu,* 6 F.3d 272 (5th Cir.1993).

**22.** *Peretz,* 501 U.S. at 952–53, 111 S.Ct. at 2678; *United States v. Robinson,* 485 U.S. 25, 34, 108 S.Ct. 864, 870, 99 L.Ed.2d 23 (1988) (Blackmun, J., concurring in part and dissenting in part); *Socony–Vacuum,* 310 U.S. at 239, 60 S.Ct. at 851–52; *Atkinson,* 297 U.S. at 160, 56 S.Ct. at 392.

**23.** *Olano,* —— U.S. at ——, 113 S.Ct. at 1777.

**24.** *Young,* 470 U.S. at 16 n. 14, 105 S.Ct. at 1047 n. 14.

**25.** *Frady,* 456 U.S. at 163, 102 S.Ct. at 1592.

**26.** More recent cases include: *Bermea; Knowles, United States v. Solomon,* 29 F.3d 961 (5th Cir. 1994); *Miro; Stafford; Saenz–Forero; United States v. Andrews,* 22 F.3d 1328 (5th Cir.1994); *United States v. Castaneda–Cantu,* 20 F.3d 1325 (5th Cir.1994); *United States v. Puig–Infante,* 19 F.3d 929 (5th Cir.), *cert. denied,* —— U.S ——, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994); *United States v. Cordero,* 18 F.3d 1248 (5th Cir.1994); *United States v. Wilder,* 15 F.3d 1292 (5th Cir. 1994); *Rodriguez; United States v. Carreon,* 11 F.3d 1225 (5th Cir.1994); *United States v. McCaskey,* 9 F.3d 368 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994); *United States v. Restivo,* 8 F.3d 274 (5th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 54, —— L.Ed.2d —— (1994); *United States v. Samak,* 7 F.3d 1196 (5th Cir.1993); *Iwegbu; United States v. Graves,* 5 F.3d 1546 (5th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1829, 128 L.Ed.2d 459 (1994); *United States v. Guerrero,* 5 F.3d 868 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1111, 127 L.Ed.2d 422 (1994); *United States v. Mora,* 994 F.2d 1129 (5th Cir.), *cert. denied* —— U.S. ——, 114 S.Ct. 417, 126 L.Ed.2d 363 (1993); *United States v. Barakett,* 994 F.2d 1107 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 701, 126 L.Ed.2d 668 (1994); *United States v. El–Zoubi,* 993 F.2d 442 (5th Cir.1993); *United States v. Pofahl,* 990 F.2d 1456 (5th Cir.), *cert. denied sub nom., Nunn v. United States,* —— U.S. ——, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993); *United States v. Garza,* 990 F.2d 171 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 332, 126 L.Ed.2d 278 (1993); *United States v. Martinez–Cortez,* 988 F.2d 1408 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 605, 126 L.Ed.2d 570 (1993); *United States v. Sanchez,* 988 F.2d 1384 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 217, 126 L.Ed.2d 173 (1993); *United States v. Hoster,* 988 F.2d 1374 (5th Cir.1993); *United States v. Murray,* 988 F.2d 518 (5th Cir.1993); *United States v. Laury,* 985 F.2d 1293 (5th Cir. 1993); *United States v. Waldrip,* 981 F.2d 799 (5th Cir.1993); *United States v. Rena,* 981 F.2d 765 (5th Cir.1993).

this element of the plain error equation.[27] We today disavow all holdings and articulations inconsistent herewith.

■ Finally, to be reviewable under this standard an obvious legal error must affect substantial rights. *Olano* counsels that in most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding.[28] The burden of persuasion lies with the defendant. Absent a showing that a substantial right has been compromised, no remedy is available. This is the reverse of the harmless error analysis which provides that a defendant who has objected to an error at trial receives relief absent a demonstration by the government that no prejudice resulted.[29]

## II.

■ Upon finding that these elements of plain error are met, an appellate court is empowered, in its discretion, to correct the assigned error.[30] The guidon for this exercise of discretion was articulated early in *United States v. Atkinson* when the Supreme Court explained that plain forfeited errors affecting substantial rights should be corrected on appeal only if they "seriously affect the fairness, integrity, or public reputation of judicial proceedings."[31] Although a defendant need not be innocent for such an effect to occur, "a plain error affecting substantial rights does not, without more, satisfy the *Atkinson* standard."[32] The appellate courts

must determine whether the facts of the particular case warrant remediation.

## III.

Guided by the foregoing, we examine the facts of the instant case. As noted, Calverley raised three challenges for the first time on appeal, contending that the district court erred in sentencing him as a career offender and in retroactively applying two sections of the Guidelines in violation of the ex post facto clause. Concluding that none of these claims meets the stringent requirements of the plain error test, we decline to review their merits.

■ Calverley first asserts that possession of a listed chemical with intent to manufacture a controlled substance in violation of 21 U.S.C. 841(d) does not qualify as a controlled substance offense within the meaning of U.S.S.G. § 4B1.1, the career offender guideline. Prior to November 1, 1989, the accompanying definitional section [33] and application notes [34] contained commentary allowing career offender sentencing based on violations of certain listed crimes, substantially similar crimes, and aiding, abetting, conspiring, or attempting to commit such crimes. On 'the basis of this version of the Guidelines, we held in *United States v. Cruz* [35] that the Texas offense of illegal investment—investment of funds that the investor knows are intended to further the commission of a narcotics offense—was substantially similar to the offenses listed and was therefore a controlled substance offense within the meaning of the guideline.

---

27. *See supra* note 20. See also *United States v. Santiago*, 993 F.2d 504 (5th Cir.1993); *United States v. Brunson*, 915 F.2d 942 (5th Cir.1990); *United States v. Dickie*, 775 F.2d 607 (5th Cir. 1985); *United States v. Thetford*, 676 F.2d 170 (5th Cir.1982), *cert. denied*, 459 U.S. 1148, 103 S.Ct. 790, 74 L.Ed.2d 996 (1983), all of which fail to articulate the requirement that the unobjected to error must be obvious.

28. *Olano*, — U.S. at —, 113 S.Ct. at 1778. The Court declined to address whether " 'affecting substantial rights' is always synonymous with 'prejudicial.' " That is, "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome" as well as a subset of "errors that should be presumed prejudicial." *Id.*

29. *Id.* (This shift in the burden of persuasion is premised upon the language of Fed.R.Crim.P. 52.).

30. See *Olano*, explaining that Fed.R.Crim.P. 52(b) "is permissive, not mandatory" in nature. *Id.*

31. *Atkinson*, 297 U.S. at 160, 56 S.Ct. at 392; *see also Olano*, — U.S. at —, 113 S.Ct. at 1779.

32. *Olano*, — U.S. at —, 113 S.Ct. at 1779.

33. U.S.S.G. § 4B1.2.

34. *Id.* at application note 2.

35. 882 F.2d 922 (5th Cir.1989).

 

Effective November 1, 1989, however, the definitional section and application notes were amended to delete the list of specific crimes and the reference to substantially similar crimes.[36] Although in *United States v. Rinard* [37] we followed *Cruz* without mention of the guideline amendment, another post-amendment case, *United States v. Gaitan*,[38] questioned *Cruz'* continued application in light of the modification of the guideline.[39] Other circuits addressing the continued viability of the pre-amendment guideline language have split, holding either that an offense is not a controlled substance offense unless it is specifically enumerated in section 4B1.2(2) [40] or that an offense is a controlled substance offense if its underlying elements also satisfy the definition of controlled substance offense in section 4B1.2(2).[41]

The uncertainty manifest in this area of the law illustrates that any error on the part of the trial court could not be plain. Assuming without deciding that studied analysis of section 4B1.2(2) would lead to the conclusion that possession of a listed chemical with intent to manufacture a controlled substance is not a controlled substance offense, this conclusion was not obvious when the court sentenced Calverley as a career offender. Consequently, neither the trial judge nor the prosecutor may be considered derelict in failing to notice that one interpretation of the career offender guideline foreclosed that application.

■ Calverley next maintains that he was sentenced in violation of the ex post facto clause. He claims that the trial judge relied on commentary added to section 4A1.2 [42] after his offense in deciding that five prior prison sentences were not "related cases" [43] and that the judge erroneously used the chemical quantity table of section 2D1.11 [44] to compute his offense level before that section became effective.

Assuming that the sentence was imposed in violation of the ex post facto clause, Calverley has failed to demonstrate prejudice. He must show that the outcome of his proceeding was affected by the error. Calverley has failed to carry his burden; he has not demonstrated how his sentence would have been different but for the alleged errors.[45] Thus, assuming without deciding that the trial judge committed legal error by applying the Guidelines as they existed at the time of Calverley's sentencing, no plain error permitting appellate review is extant.

Calverley finally challenges the trial court's denial of the request for a two-point reduction in offense level for acceptance of responsibility. Calverley properly voiced his objection at trial. We review the assignment of error. The original panel thoroughly considered and appropriately resolved this claim; we therefore reinstate and adopt Part D of the panel opinion, 11 F.3d at 513–16.

The judgment of the district court is AFFIRMED.

DeMOSS and BENAVIDES, Circuit Judges, Dissent.

---

**36.** *See* U.S.S.G. § 4B1.2(2). The amendment was meant to clarify the definitions. U.S.Sent.Manual App. C, Amendment 268. Application note 2, as amended, was redenominated application note 1.

**37.** 956 F.2d 85 (5th Cir.1992).

**38.** 954 F.2d 1005 (5th Cir.1992).

**39.** The panel suggested that because *Cruz* rested on the substantially similar language now deleted from the guideline, its holding may not have survived the 1989 amendment.

**40.** *See United States v. Baker*, 16 F.3d 854 (8th Cir.1994); *United States v. Wagner*, 994 F.2d 1467 (10th Cir.1993).

**41.** *United States v. Vea–Gonzales*, 999 F.2d 1326 (9th Cir.1993).

**42.** U.S.S.G. § 4A1.2 cmt. 3.

**43.** U.S.S.G. §§ 4A1.1, 4A1.2(a)(2).

**44.** U.S.S.G. § 2D1.11.

**45.** *See, e.g., United States v. Brunson*, 915 F.2d 942 (5th Cir.1990) (no plain error where judge can reinstate same sentence on remand despite earlier error).