IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50199
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL McCLAINE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA 94 CR 157
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Nathaniel McClaine appeals his conviction for possession with the intent to distribute cocaine base within 1000 feet of a public school and using and carrying a firearm during and in relation to that offense.

He argues that the search of the vehicle amounted to an illegal exploratory search beyond the bounds of the search warrant. The vehicle was included in the warrant as a portion of the premises to be searched. To the extent that McClaine argues

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

that there was no probable cause to search, the law enforcement agents relied upon the warrant, with the vehicle's description, and McClaine does not contend that the supporting affidavit was barebones.  Thus, the good-faith exception to the exclusionary rule would apply.  See United States v. Satterwhite, 980 F.2d 317, 320-21 (5th Cir. 1992).

McClaine argues that the district court should have excluded, pursuant to Fed. R. Crim. P. 11(e)(6)(C) and (D), his statements made to law enforcement officers.  This contention was not raised before the district court.  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors:  (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 113 S. Ct. 1770, 1776-79 (1993)), cert. denied, 115 S. Ct. 1266 (1995).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  Olano, 113 S. Ct. at 1778.

Rule 11(e)(6)(D) is inapplicable to the circumstances.  Moreover, nothing in the record indicates that plea negotiations occurred between McClaine and the law enforcement agent.  Thus, no error occurred, plain or otherwise.  See Calverley, 37 F.3d at 162.

AFFIRMED.