IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50585
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY EVANS, also known as Mark Evans,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CR-2-1
- - - - - - - - - -
March 18, 1998

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Evans was convicted of conspiracy to possess with the intent to distribute cocaine. He challenges his conviction and sentence on several grounds.

Evans first argues that the district court erred in increasing his offense level under U.S.S.G. § 3B1.1(a) for his role in the offense. We have reviewed the record and the briefs on appeal and find that the district court did not clearly err in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assessing a four-level increase in Evans' offense level for his leadership role.  See United States v. Puig-Infante, 19 F.3d 929, 944 (5th Cir. 1994).

Evans argues next that the district court erred in calculating his criminal history score.  The district court's calculation of Evans' criminal history score did not rise to the level of plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Evans also avers that the district court erred in failing to hold a formal evidentiary hearing regarding his claim made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  A review of the record reveals that Evans was granted the necessary procedural protections in the trial court's review of his Batson challenge.  United States v. Clemons, 941 F.2d 321, 324 (5th Cir. 1991).

Lastly, Evans argues that 21 U.S.C. §§ 841(a)(1) and 846 are unconstitutional and violate the Tenth Amendment to the Constitution.  His contentions are foreclosed by this court's precedent.  This court has determined that §§ 841 and 846 are valid exercises of Congress' commerce power.  United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993); see also United States v. Lopez, 2 F.3d 1342, 1367 n.50 (5th Cir. 1993), aff'd, 115 S. Ct. 1624, 1630-31 (1995) (reaffirming that all drug trafficking, intrastate as well as interstate, is subject to regulation under the Commerce Clause).  Sections 841 and 846 also do not violate

the Tenth Amendment.  <u>Owens</u>, 996 F.2d at 60-61 (if the challenged statute is a proper exercise of congressional power under the Commerce Clause, the statute does not violate the Tenth Amendment).

AFFIRMED.