IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20767
Summary Calendar
_____

JOHN PEREZ, ET AL.,

                                        Plaintiffs,

DANNY HANER,

                                        Plaintiff-Appellant,

versus

HARRIS COUNTY JAIL; JOHNNY KLEVENHAGEN, Sheriff;
JOHN DOE; MEDICAL DIRECTOR; JOHN DOE #2; HARRIS
COUNTY JAIL COMMANDER; JOHN DOE, 3-12; NURSE
MASTERS; COUNTY JAIL MEDICAL STAFF,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-1832
--------------------
July 22, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Danny Haner, Texas prisoner # 704002, has appealed the
dismissal of his 42 U.S.C. § 1983 complaint for want of
prosecution.  Haner has failed to challenge on appeal the
dismissal of his complaint for want of prosecution.  Therefore,
this claim is deemed abandoned.  See Brinkmann v. Dallas County
Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

However, the court has reviewed the record and has determined that the district court did not abuse its discretion in dismissing the complaint for want of prosecution because Haner failed to pursue the litigation in a timely manner.  See Fed. R. Civ. P. 41(b).

Haner makes several new arguments for the first time on appeal.  He argues that, while incarcerated in the Harris County Jail, he slipped in the shower as the result of the unsanitary and overcrowded conditions in the cell block.  Haner also argues that he was assigned a top bunk bed after surgery and fell and fractured his finger.  While recognizing that he received treatment for the injury, he argues that he was not sent to the "plastic" clinic for two weeks.

Haner also argues for the first time that his diet tray was discontinued after he filed a grievance about items missing from his tray.  He argues that deputies took his medicine following a shakedown, including medicine that he had purchased at the commissary.

Haner also argues that he was harassed by Don Nichols because he complained about his medical treatment and that he was sent back to general population by Dr. Guice without having been seen by the doctor.  Haner also argues for the first time on appeal that his rights are being violated by the medical personnel at the Bill Clements Infirmary, including Dr. Ratnarajah, who he claims is a defendant in this case.

These arguments present issues which were not resolved below and, thus, may only be reviewed for plain error.  See United

States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Issues raised for the first time on appeal that involve factual determinations that could have been resolved in the district court generally do not rise to the level of plain error. Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). These new issues do not rise to the level of plain error.

This appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal should be dismissed.  See 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Haner that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

Haner's motion for a temporary restraining order is DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED.