IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41041
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GARCIA-SOSA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 98-CR-254-1
- - - - - - - - - -

August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Garcia-Sosa appeals his convictions for conspiracy and possession with intent to distribute marijuana. Garcia-Sosa argues that his due process rights were violated by the Government's repeated use at trial of his post-arrest silence and the Government's creation of inconsistent testimony for impeachment. The prosecutor's questions and comments constitute a clear violation of Doyle. When viewed in the context of the prosecutor's questioning and argument, the prosecutor was clearly

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attempting to impeach Garcia-Sosa's exculpatory story.  Doyle v. Ohio, 426 U.S. 610, 617-18 (1976).

Because there was no objection in the district court, we review this violation for plain error.  We conclude that, even if the errors are all clear and obvious, they did not affect Garcia-Sosa's substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Given the district court's curative instruction, Garcia-Sosa's lack of objection to the instruction, and the strong direct evidence of Garcia-Sosa's guilt based upon Agent Alvarez's eyewitness testimony, we conclude that Garcia-Sosa has not demonstrated plain error.  See United States v. Carter, 953 F.2d 1449, 1465-67 (5th Cir. 1992) (no plain error where defendant did not object to district court's curative instruction and there was strong evidence of guilt).

Garcia-Sosa also argues that the evidence showed only that he was present where narcotics were found.  He contends that the evidence showed equal or nearly equal support for his defense that he had illegally entered Laredo to work when he was knocked down by the speeding Blazer and mistaken by Agent Alvarez for one of the drug smugglers.

The evidence supports Garcia-Sosa's convictions.  Agent Alvarez testified that he saw Garcia-Sosa with a group of other men, loading the white sacks from the brush into the Blazer.  Agent Alvarez saw Garcia-Sosa holding one of the sacks.  When Agent Alvarez announced himself, Garcia-Sosa, along with the other men, fled on foot.  Garcia-Sosa stipulated that the

substance in the sacks was marijuana, and that it weighed over 165 pounds.  This evidence is sufficient for the jury to have found beyond a reasonable doubt each of the necessary elements for a conviction on both the conspiracy and substantive counts. United States v. Bermea, 30 F.3d 1539, 1556 (5th Cir. 1994).  It is within the jury's province to make credibility determinations. United States v. Anderson, 933 F.2d 1261, 1274 (5th Cir. 1991). Crediting Agent Alvarez's testimony, the jury could reasonably conclude that Garcia-Sosa was guilty.

AFFIRMED.