IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41125
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA SALDANA; MARIA DE LA LUZ SALDANA,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-219-1-S1
--------------------

November 12, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maria De La Luz Saldana ("Maria") and her daughter, Sandra Saldana ("Sandra"), challenge their convictions for conspiracy to possess with the intent to distribute more than 50 kilograms of marijuana and aiding and abetting the possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  They argue that the district court erred in excusing Juror Beatrice Serrata, an eight-and-one-half-months-pregnant woman who had suffered light contractions and who was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scheduled to see her doctor for a sonogram, from service prior to closing arguments. The district court did not abuse its discretion in dismissing Serrata since medical reasons prevented her from continuing as a juror. See Fed. R. Crim. P. 24(c); United States v. Bourgeois, 950 F.2d 980, 987 (5th Cir. 1992); United States v. Dumas, 658 F.2d 411, 413 (5th Cir. 1981). The appellants' conclusional argument that they were prejudiced by the loss of a woman juror is insufficient to establish the required prejudice. See, e.g., United States v. Rodriguez, 573 F.2d 330, 332 (5th Cir. 1978).

The appellants also argue that the district court erred in dismissing Juror Mark Ciochetti from service after deliberations had begun because he expressed doubts about the sufficiency of the evidence. Because they raise this argument for the first time on appeal, it is reviewed for plain error only. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Ciochetti informed the district court that "Title 21 is a bad law" and that he would not apply it in the instant case; he expressed no opinion regarding the sufficiency of the evidence to convict the defendants. The district court's dismissal of a juror who refused to apply the law was not error, plain or otherwise. See Fed. R. Crim. P. 23(c); United States v. Flores, 63 F.3d 1342, 1354 (5th Cir. 1995).

The appellants additionally contend that the evidence was insufficient to overcome their entrapment defense. They argue that the Government used the offer of Sharon Gill's house to lure them into participating in the drug deal, which crime they were

not otherwise predisposed to committing. Because they did not renew their motion for a judgment of acquittal at the close of all the evidence, we review the argument for plain error. See United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995). The appellants have not demonstrated error, plain or otherwise, in connection with the rejection of their entrapment defense. The trial testimony reflects that the appellants had past experience in drug trafficking and were eager to enter into the transaction proposed by the Government. Their enthusiastic participation in the drug deal is sufficient to prove that they were predisposed to committing the offense. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir.), cert. denied, 118 U.S. 615 (1997).

The appellants have failed to demonstrate any error in connection with their convictions, and the district court's judgments are affirmed.

AFFIRMED.