IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40022
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO ESPINOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-494-3
--------------------
November 1, 2000

Before DAVIS, JONES and DEMOSS, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Genaro Espinoza argues that the Government breached their plea agreement by failing to make an affirmative recommendation at sentencing that his offense level be adjusted for his minor role in the offense. Espinoza acknowledges that he failed to raise this issue in the district court and, thus, the alleged error is subject to review for plain error.

The record reflects that the district court was aware that the plea agreement provided that the Government would recommend

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Espinoza's offense level be adjusted for his minor-role in the offense.  The Government gave no indication to the district court that it was opposing a reduction of Espinoza's offense level on that basis.  However, the record reflects that the district court made an independent determination that Espinoza was not entitled to the adjustment based on the nature of his participation in the offense.

Espinoza has not shown that an affirmative recommendation by the Government would have had an effect on the district court's decision regarding the role adjustment.  See United States v. Hooten, 942 F.2d 878, 883-84 (5th Cir. 1991).  Because Espinoza has not shown that the Government's failure to make an affirmative recommendation affected his substantial rights, the Government's conduct was not sufficient to rise to the level of plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

AFFIRMED.