IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50650
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANIEL RUIZ-VEGA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-137-1
- - - - - - - - - -
October 31, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Daniel Ruiz-Vega (Ruiz) pleaded guilty to illegal reentry
into the United States after removal, a violation of 8 U.S.C.
§ 1326.  Ruiz's offense level was enhanced 16 levels pursuant to
U.S.S.G. § 2L1.2(b)(1)(A) based on a Texas felony
driving-while-intoxicated (DWI) conviction, which was
characterized as an aggravated felony.  The district court
sentenced Ruiz to 77 months' imprisonment.

    Ruiz contends that his prior DWI conviction that resulted in
his increased sentence under 8 U.S.C. § 1326(b)(2) was an element

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert.</u> <u>denied</u>, 121 S. Ct. 1214 (2001). Ruiz's argument is foreclosed.

Ruiz argues that the district court erred by applying the 16-level enhancement because his prior felony DWI conviction is not an aggravated felony. Because Ruiz raises this issue for the first time on appeal, we review for plain error. <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc); <u>see</u> <u>United States v. Olano</u>, 507 U.S. 725, 730-36 (1993).

A Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement. <u>United States v. Chapa-Garza</u>, 243 F.3d 921, 927 (5th Cir. 2001). Thus, the district court's error in applying the 16-level enhancement was plain and affected Ruiz's substantial rights. Because Ruiz's sentencing range would be reduced substantially without the 16-level enhancement, we exercise our discretion to correct this error. See <u>United States v. Miranda</u>, 248 F.3d 434, 445 (5th Cir. 2001). Accordingly, Ruiz's sentence is VACATED, and this matter is REMANDED for resentencing.

Finally, Ruiz argues that the district court erred in denying him a downward departure based on his cultural assimilation into this country in the mistaken belief that it lacked the authority to depart.  "[C]ultural assimilation is a permissible basis for downward departure."  <u>United States v. Rodriguez-Montelongo</u>, ___ F.3d ___ (5th Cir. Aug 23, 2001, No. 00-51023), 2001 WL 958907, *4.  The district court's declaration that it lacked authority to depart based on the theory of cultural assimilation is erroneous.  On remand the district court should consider wether Ruiz is entitled to a downward departure on the basis of cultural assimilation.

VACATED AND REMANDED.