IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10613
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

ROY STEVENS

                    Defendant - Appellant

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CR-75-1
- - - - - - - - - -
November 8, 2001

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

    Roy Stevens appeals his sentence from a guilty plea for a

false statement on a loan application and aiding and abetting in

that offense. *See* 18 U.S.C. § 1014, 2.  Stevens argues that the

district court erred when it calculated his sentence based on

relevant conduct.  He also argues that the district court abused

its discretion when, as an alternative sentencing basis, it

imposed an upward departure.  Stevens did not object to either

the relevant-conduct decision or the upward departure.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Consequently, these issues are reviewed for plain error. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

The district court did not commit error, plain or otherwise, when it calculated Jackson's sentence based on relevant conduct. Stevens and his codefendant, Arthur Jackson, carried out various activities that were part of the same course of conduct or ongoing scheme or plan as the offense of conviction. *See* U.S.S.G. § 1B1.3(a)(2); *United States v. Anderson*, 174 F.3d 515, 526 (1999). The actions were all fraudulent banking practices, perpetrated with the aid of the same accomplice (codefendant Jackson), with the same victim (the First State Bank of Vega, Texas), and dedicated to the same purpose. Whether by giving false information on a loan application, writing bad checks, or creating false wire transfers, Stevens attempted to keep Jackson in business by circumventing banking laws. He obtained credit for Jackson's cattle business that Jackson otherwise would not have been entitled to and created the false impression that he had sufficient funds to cover his liabilities. As the district court did not err when it calculated a sentence based on relevant conduct, the argument regarding the alternative sentencing basis is moot. Stevens' sentence is AFFIRMED.