IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20389
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JOSE VILLAGRA-MONTALVAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-683-1
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Francisco Jose Villagra-Montalvan ("Villagra") challenges his sentence following his guilty-plea conviction for possession with intent to distribute one kilogram or more of heroin and importation of that amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 952(a), 960(b)(1)(A).

Villagra argues that the district court erred by not considering his uncorroborated statements made during the safety-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

valve debriefing in determining whether Villagra played a minor or minimal role in the offense.  Because Villagra did not raise this argument at sentencing, we review it under the plain-error standard.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Even if the court should have considered Villagra's uncorroborated debriefing statements in determining the role-in-the-offense reduction, Villagra did not offer these statements as evidence either at sentencing or through his objections to the presentence report, nor did Villagra offer any testimony about his role in the offense.  Because the debriefing statements were not offered as evidence of Villagra's role in the offense, the district court did not err in not considering them.

Villagra does not argue that, based on the evidence that was presented, the district court's finding that he was not a minor or minimal participant was clearly erroneous.  By not briefing this issue, Villagra has waived it.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.