**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-41042**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LEANDRO GUTIERREZ-ESTRADA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-02-CR-45-1)**

_____

March 12, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Leandro Gutierrez-Estrada, convicted for violating 8 U.S.C. § 1326(a), appeals his sentence. Prior to deportation, Gutierrez was convicted for possession of marijuana for resale, for which he was sentenced to two years of custody, suspended for two years of probation.

Gutierrez contends the district court *plainly erred* by increasing his offense level by 12, pursuant to U.S.S.G. § 2L1.2(b)(1)(B). *See* U.S.S.G., cmt. n.1 (A)(iv) (for purposes of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining whether, *inter alia*, sentence imposed for drug trafficking was 13 months or less, "sentence imposed" refers only to portion of sentence not probated or suspended). Given the lack of controlling authority in this circuit on this issue, and as discussed below, any error on the part of the district court was not "clear or obvious" and, therefore, does not constitute plain error. *See e.g.*, **United States v. Calverley,** 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Subsection (b)(1)(B) provides for a 12-level enhancement when the defendant was previously convicted of a "felony drug trafficking offense for which the sentence imposed was 13 months *or less*". (Emphasis added.) Arguably, pursuant to § 2L1.2's above-referenced commentary, Gutierrez' "sentence imposed" was zero months, a period "less" than 13 months. In other words, and pursuant to the commentary, even though the entire sentence was probated, the "sentence imposed" is arguably zero months, because that was the portion of the sentence not probated. Again, because there is no controlling authority in this circuit, any error did not meet the required level of being "clear" or "obvious".

Gutierrez contends that the sentence-enhancing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Gutierrez acknowledges this issue is foreclosed by **Almendarez-Torres v.**

*United States*, 523 U.S. 224 (1998), but he seeks to preserve it for Supreme Court review.

**AFFIRMED**