**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40919
Summary Calendar
_____

BOSTON MUTUAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

LAZARO LEONARDO GIL, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-61
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lazaro Leonardo Gil, Jr. ("Gil") appeals the district court's grant of summary judgment in favor of Boston Mutual Insurance Company ("Boston Mutual"). Boston Mutual sought equitable subrogation for the benefits Gil received from a third party upon settling his state court personal injury lawsuit. Gil argues that his mental condition prevented him from adequately representing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

himself in the district court, and that his attorney in the state court suit failed to negotiate a settlement with Boston Mutual prior to closing his case. Because Gil did not raise the above arguments in the district court, the review is for plain error. United States v. Olano, 507 U.S. 725 (1993). Gil has failed to establish that the alleged errors affected his substantial rights in the district court. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Gil's contention that he is entitled to relief because the magistrate judge did not use her best efforts to settle this case in mediation lacks merit because the district court did not have an obligation to attempt to settle Gil's case in mediation. See E.D. TEX. LOCAL R. APP. H.

This court reviews a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmovant. See Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). Texas law recognizes the doctrine of equitable subrogation. See General Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 949 (5th Cir. 1999)(citation omitted). "To establish a cause of action for equitable subrogation, a claimant must show that (1) it discharged a debt for which another party was primarily liable, and (2) it paid the debt involuntarily." See Pitts v. Architectural Utilities, Inc., 1997 WL 119574, *3 (Tex. App.-Dallas 1997)(citation omitted).

The summary judgment evidence provided by Boston Mutual met its burden of showing that no genuine issue of material fact

existed.  <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 56(c).  The evidence established that Gil received a settlement from a third party which included reimbursement for past medical expenses and lost wages. Consequently, Gil was made whole by his $750,000.00 settlement in state court.  <u>See</u> <u>Ortiz v. Great S. Fire & Cas. Ins. Co.</u>, 597 S.W.2d 342, 343 (Tex. 1980).

The district court's grant of summary judgment in favor of Boston Mutual is AFFIRMED.