**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-10120
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

LAQUISIA PATRICE GREEN,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-132-ALL-A
--------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Laquisia Patrice Green appeals her judgment of conviction and sentence, following a guilty

plea, for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371 and 1344.  Green argues

that the district court deprived her of counsel of her choice and also argues that the court should have

construed a particular pro se letter to the court as a motion to withdraw her guilty plea.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Green does not dispute that then-retained counsel's motion to withdraw did not satisfy the requirements of Local Criminal Rule 57.12. District courts may implement and enforce local rules. E.g., United States v. Yeatts, 639 F.2d 1186, 1188 (5th Cir. 1981). Green has not demonstrated that the district court's order, changing counsel's status from retained to court-appointed, infringed on her constitutional rights. See United States v. Hughey, 147 F.3d 423, 429 (5th Cir. 1998). Green is not entitled to the appointment of counsel of her choice. United States v. Breeland, 53 F.3d 100, 106 n.11 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993)(28 U.S.C. § 2254 case).

Green has not demonstrated plain error with respect to her argument that the district court should have construed a pro se letter as a motion to withdraw her guilty plea. See FED. R. CRIM. P. 52(b); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-37 (1993)), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997).

AFFIRMED.