United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50206
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH DESALME,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-550-ALL
--------------------

Before SMITH, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph DeSalme pleaded guilty to one charge of possession of a listed chemical with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841. The district court sentenced him to 170 months in prison and a three-year term of supervised release. DeSalme argues on appeal that the district court erred in declining to grant him the one-level reduction for acceptance of responsibility found in U.S.S.G. § 3E1.1(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because DeSalme did not raise this specific argument in the district court, the plain error standard of review applies. See United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994). Under the plain-error standard, this court may correct forfeited errors only when the appellant shows: (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-37 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 735-736.

The record is ambiguous as to whether the district court neglected to consider the factors outlined in U.S.S.G. § 3E1.1(b) or whether the district court determined that DeSalme was not entitled to this reduction without giving reasons for this conclusion. The record also does not conclusively establish that DeSalme was entitled to a reduction under U.S.S.G. § 3E1.1(b)(1) or (2). Accordingly, there is no clear or obvious error in connection with the district court's refusal to grant DeSalme a one-level reduction under U.S.S.G. § 3E1.1(b). The judgment of the district court is AFFIRMED.