United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50404
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADALI ANTONIO CASTRO-RIVAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2124-ALL
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Adali Antonio Castro-Rivas (Castro) appeals his guilty-plea
conviction and sentence for illegally reentering the United States
after a previous deportation, in violation of 8 U.S.C. § 1326.
Castro was sentenced to 60 months in prison and three years of
supervised release.

For the first time on appeal, Castro argues that 8 U.S.C.
§ 1326 is unconstitutionally overbroad in that it makes no
exception for aliens who qualify as "refugees" under the 1951

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

United Nations Convention Relating to the Status of Refugees (Convention), an international treaty to which the United States acceded in 1968, as part of the 1967 United Nations Protocol Relating to the Status of Refugees (Protocol). Castro observes that, under the immigration statutory scheme, only the Attorney General, not a district court, may determine the "refugee" status of an alien. He contends that this civil determination is insufficient to comply with due-process protections to which a criminal defendant is entitled and that a district court considering criminal sanctions under § 1326 should thus be given jurisdiction to make a threshold determination of such status.

We review Castro's challenge to 8 U.S.C. § 1326, raised for the first time on appeal, for plain error only. See United States v. Lankford, 196 F.3d 563, 570 (5th Cir. 1999). Under the plain-error standard, the defendant must show that (1) there was error; (2) the error was plain, that is, "clear" or "obvious"; and (3) the error affected the defendant's substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). If all three elements are satisfied, this court has discretion to correct the error if it affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993).

At the time of the accession to the Protocol in 1968, "[t]he President and the Senate believed that the Protocol was largely consistent with existing [immigration] law," and "[t]here are many

2

statements to that effect in the legislative history of the accession[.]" <u>INS v. Stevic</u>, 467 U.S. 407, 416 (1984). Moreover, "'an Act of Congress . . . is on a full parity with a treaty, and . . . when a statute which is subsequent in time is inconsistent with a treaty, the statute to the extent of conflict renders the treaty null.'" <u>Breard v. Greene</u>, 523 U.S. 371, 376 (1998) (citation omitted). To the extent that the illegal reentry statute, 8 U.S.C. § 1326, has been amended multiple times since the 1968 Protocol, Castro has no legal foundation for arguing that the Protocol and Convention trump the statute of conviction. <u>See</u> <u>id.</u> at 375. Castro has not established plain error.

The district court's judgment is AFFIRMED.