IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-20204
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO SERRANO-GARCIA, also known as Ambrosio Munoz Orozco, also known as Ambrosia Orozco-Munoz, also known as Adan Rodriguez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-281-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.
PER CURIAM:[*]

Alejandro Serrano-Garcia, whose true name is Ambrosio Orozco-Munoz, appeals from his conviction by guilty plea of illegal reentry, pursuant to 8 U.S.C. § 1326. Serrano-Garcia's appeal is frivolous.

Serrano-Garcia contends for the first time on appeal that the district court erred by adjusting his offense level for having committed a crime of violence because the district court and the probation officer erroneously found that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remained unlawfully in the United States after he was convicted of rape in 1981. Serrano-Garcia acknowledges that he was deported after his 1981 conviction, and he does not challenge the characterization of his rape conviction as a crime of violence. The crime-of-violence adjustment was appropriate, see U.S.S.G. § 2L1.2(b)(1)(A)(ii), and Serrano-Garcia has failed to demonstrate error, plain or otherwise. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Serrano-Garcia contends that the Government was required to prove the allegation in the indictment that he "previously had been denied admission, excluded, deported, and removed from the United States." Because the Government alleged that he had been denied admission, excluded, deported, and removed, Serrano-Garcia argues, the Government was required to prove all of those elements.

Section 1326(a) penalizes aliens who enter the United States if they have "been denied admission, excluded, deported, or removed or [have] departed the United States while an order of exclusion, deportation, or removal is outstanding." "[A] disjunctive statute may be pleaded conjunctively and proved disjunctively." United States v. Pena-Rodriguez, 110 F.3d 1120, 1131 (5th Cir. 1997) (quotation marks and citation omitted). Serrano-Garcia acknowledged that he had been deported after he was convicted of rape. The Government only need prove that he had been deported; it did not need to prove that he had been denied admission, been excluded, and been removed. See Pena-Rodriguez, 110 F.3d at 1131.

Serrano-Garcia makes numerous contentions premised on the assumption that rape, as opposed to aggravated rape, is not an aggravated felony for purposes of § 1326(b)(2), which provides a 20-year maximum sentence for aliens "whose removal was subsequent to a conviction for commission of an aggravated felony." The statutory definition of an "aggravated felony" for purposes of § 1326 encompasses "murder, rape, or sexual abuse of a minor." 8 U.S.C.

§ 1101(a)(43)(A).  The statute does not require a rape to be aggravated for it to qualify as an aggravated felony.  Serrano-Garcia's 1981 rape conviction qualifies as an aggravated felony, exposing him to the 20-year maximum statutory sentence of § 1326(b)(2).  All of Serrano-Garcia's contentions based on the premise that only aggravated rape can fall within the definition of an aggravated felony are without merit.

Serrano-Garcia contends that trial counsel was ineffective for failing to raise the issues that appellate counsel raises regarding whether rape qualifies as an aggravated felony.  Because Serrano-Garcia's arguments about whether rape qualifies as an aggravated felony are without merit, trial counsel was not ineffective for failing to raise those arguments in the district court.

Serrano-Garcia's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  See 5TH CIR. R. 42.2.

APPEAL DISMISSED.