# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-31245
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LOUIS WILKERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60026-ALL

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Louis Wilkerson pleaded guilty to theft of Government funds pursuant to a plea agreement in which the Government agreed to move for dismissal of other pending charges. Wilkerson stipulated at his rearraignment hearing that he had obtained $12,435.45 in Supplemental Security Income benefits that he was not entitled to receive. Wilkerson nevertheless objected at sentencing that this loss amount was excessive, citing his good faith belief that the Government's loss was under $10,000. Overruling the objection, the district court sentenced Wilkerson

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a nine-month term of imprisonment and ordered that he pay $12,435.56 in restitution.

Wilkerson argues on appeal that the district court plainly erred in accepting his guilty plea because it is "obvious" that he was not aware of the consequences of his stipulation to the amount of loss involved. Wilkerson suggests that, in light of his objection at sentencing, the court should have sua sponte inquired whether Wilkerson wished to withdraw his plea. Wilkerson admits that his nine-month sentence is reasonable, and he does not challenge the propriety of the restitution order. It is clear from the record that the district court did not err, plainly or otherwise, in determining that Wilkerson's plea was voluntary. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.