IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40768
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURLEY ADAMS, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(95-CR-2-1)
- - - - - - - - - -
March 23, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Curley Adams, Jr., appeals his sentence
for his guilty-plea conviction of two counts of cocaine base with
intent to distribute, and one count of conspiracy to possess with
intent to distribute, cocaine base, in violation of 21 U.S.C. §§
841(a)(1) and 846.

For the first time on appeal, Adams contends that the
government failed to prove that the substance involved was cocaine
base, or "crack" cocaine.  This claim is thus reviewable for plain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

error only.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994); United States v. Olano, 507 U.S. 725, 732 (1993). Adams's contention is frivolous because the factual basis recited in support of Adams's guilty plea at his plea hearing--facts with which Adams agreed under oath--referred to "crack" cocaine.

Adams contends that the district court clearly erred in enhancing his base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on Adams having lied to the Probation Office about his ownership of his home; Adams's argument is that the court should have made a finding on the "materiality" of this lie.  Adams admits that false statements about financial assets may be "material" with respect to a defendant's ability to pay a fine, see United States v. Milton, 147 F.3d 414, 422 (5th Cir. 1998); and he has not shown that his lie was not material to his ability to pay a fine in this case.  The district court did not clearly err in imposing the § 3C1.1 enhancement.  See United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996).

Adams contends that the district erred in applying a two-level increase pursuant to § 3B1.1(c) based on his "aggravating role" in the offense, on the ground that he was a manager or supervisor of his two codefendants.  The PSR reflects that on several occasions a confidential informant ("CI") called Adams about buying "crack" cocaine at the pool hall owned by Adams, and that, when the CI arrived at the pool hall, one of Adams's codefendants would appear to conduct the drug transaction.  The information bore "sufficient indicia of reliability" to support the offense-level enhancement.

See § 6A1.3. No clear error is apparent. <u>United States v. Musquiz</u>, 45 F.3d 927, 932-33 (5th Cir. 1995).

Adams maintains that the district court erred by denying him a § 3E1.1 reduction for acceptance of responsibility for the sole reason that he had received an enhancement for obstruction of justice. Adams has failed to show that he was entitled to a § 3E1.1 reduction. <u>See</u> <u>United States v. Cano-Guel</u>, 167 F.3d 900, 906 (5th Cir. 1999) (the mere entry of a guilty plea does not entitle a defendant to a § 3E1.1 reduction). He also has not demonstrated that his case is so "extraordinary" that both the § 3E1.1 and 3C1.1 adjustments were applicable. <u>See</u> § 3E1.1, comment. (n.4) (defendant may receive both § 3E1.1 and § 3C1.1 adjustments only in "extraordinary cases").

Finally, Adams contends that the district court, in calculating the quantity of cocaine base for sentencing purposes, improperly relied on the allegedly unreliable testimony of the CI. Contrary to Adams's assertion, the CI's testimony was not contradictory; he was merely uncertain about the exact quantity of crack cocaine he bought from Adams. The CI's testimony was more than sufficiently clear to permit the district court to approximate the amount of cocaine base Adams sold to the CI. <u>See</u> § 2D1.1, comment. (n.12).

AFFIRMED.