IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51021
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RIGOBERTO SALAS; ANTONIO SANCHEZ-SALAS,

                                        Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-160-1
--------------------
September 14, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

     Rigoberto Salas ("Rigoberto") and his nephew, Antonio

Sanchez-Salas ("Antonio"), appeal their convictions for

possession with the intent to distribute marijuana, in violation

of 21 U.S.C. § 841(a)(1).  They argue that the evidence was

insufficient to support their convictions because there was no

evidence of their guilty knowledge.

     The argument fails because the evidence, viewed in the light

most favorable to the prosecution, demonstrates that the truck in

which the marijuana was discovered was rented by Rigoberto, that

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the appellants exercised control over it, and that they told agents that they had personally loaded the truck; agent testimony further established that, when the blanket covering the boxes of marijuana was moved, the odor of marijuana was strong. See Jackson v. Virginia, 443 U.S. 307, 319 (1970); see also United States v. Garcia, 917 F.2d 1370, 1376-77 (5th Cir. 1990). There was additional ample circumstantial evidence of guilty knowledge: agent testimony established that the appellants appeared to be nervous when stopped and when the truck was inspected; one of them said, "Oh shit," when they saw a drug-detection dog being led toward their truck; and the appellants gave inconsistent statements and implausible stories to agents following their arrest. See United States v. Casilla, 20 F.3d 600, 606 (5th Cir. 1994).

Appellants next contend, for the first time on appeal, that the Government violated Fed. R. Crim. P. 16(a)(1)(A) by failing to disclose the incriminating statement that an agent overheard one of them make when the drug-detecting canine was brought out to search the vehicle. The argument fails because the challenged phrase was a spontaneous, voluntary statement, not done in response to any interrogation by Border Patrol agents and thus did not fall within the ambit of Rule 16's mandatory disclosure requirements. See Fed. R. Crim. P. 16(a)(1)(A); United States v. Navar, 611 F.2d 1156, 1158 (5th Cir. 1980). The argument additionally fails because, as the appellants apparently concede, the statement was actually disclosed to them prior to trial.

Rigoberto urges, also for the first time on appeal, that the

statement was a violation of his Sixth-Amendment rights under Bruton v. United States, 391 U.S. 123 (1968), or alternatively, was inadmissible as hearsay and unduly prejudicial. Because the challenged statement did not directly allude to Rigoberto, there is no Bruton violation. United States v. Restrepo, 994 F.2d 173, 186 (5th Cir. 1993). The arguments under Fed. R. Evid. 803 and 403 do not implicate any error, plain or otherwise. See Fed. R. Evid. 803(2) and 403; see also United States v. Richards, 204 F.3d 177, 197 n.6 (5th Cir. 2000, petition for cert. filed, ___ S. Ct. ___, 68 U.S.L.W. 3002 (June 20, 2000, No. 99-2049); United States v. Lawrence, 699 F.2d 697, 704 (5th Cir. 1983); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Rigoberto also challenges for the first time on appeal the district-court's deliberate-ignorance instruction. Antonio's motion to incorporate this argument has been treated as a Fed. R. App. P. 28(i) letter, and this court considers the argument to have been adopted. The appellants assert that there was no evidence of guilty knowledge and that the instruction thus enabled the jury to convict for mere negligence. The argument is unpersuasive because sufficient evidence existed to justify the deliberate-indifference instruction. See United States v. Hull, 160 F.3d 265, 271 (5th Cir.), cert. denied, 119 S. Ct. 1091 and 1791 (1999).

AFFIRMED.