IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10162
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO MORENO-SANDOVAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-347-1-G
--------------------
December 13, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Moreno-Sandoval (Moreno) appeals the sentence imposed following his plea of guilty to one count of illegal reentry. He first challenges the district court's imposition of a sixteen-level increase in his base offense level based on a prior aggravated-felony conviction. As Moreno concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Moreno next argues that the district court improperly ordered him to make copayments toward the cost of drug-abuse

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment as a condition of his supervised release and improperly delegated to the probation officer the determination of the amount and timing of the copayments.  Moreno's failure to object to either of these conditions limits our review to the plain-error standard.  <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 161 (5th Cir. 1994) (en banc).  Under the plain-error standard, Moreno must demonstrate that there was clear or obvious error that affected his substantial rights.  <u>See</u> <u>United States v. Alaniz-Alaniz</u>, 38 F.3d 788, 791 (5th Cir. 1994).

We have not previously decided whether a district court may condition supervised release upon the making of copayments for drug-abuse treatment or whether a district court may delegate the authority to determine the amount and timing of such copayments. Given the lack of controlling authority, any error by the district court was not clear or obvious.  <u>See</u> <u>Alaniz-Alaniz</u>, 38 F.3d at 791.  Moreno has not met the plain-error criteria.  We AFFIRM the judgment of the district court.

AFFIRMED.