**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-50536
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MICHAEL MERIDYTH,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(MO-99-CR-36-1)**

May 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Presenting two issues, Michael Meridyth appeals his convictions for conspiracy to distribute, and distribution of, more than five grams of crack cocaine.

First, Meridyth contends the evidence was insufficient to support his convictions. Meridyth moved unsuccessfully for judgment of acquittal at the close of the Government's case-in-chief, but *failed* to renew his motion at the close of the evidence. Consequently, Meridyth waived any objection to the denial of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to acquit. *E.g., **United States v. Shannon***, 21 F.3d 77, 83 (5th Cir.), *cert. denied*, 513 U.S. 901 (1994). Thus, we review *only* whether there has been a manifest miscarriage of justice. **Id.** We will reverse Meridyth's convictions *only* if "the record is *devoid* of evidence pointing to guilt". **Id.** (internal quotation marks and citations omitted; emphasis added).

Meridyth challenges the credibility of Robinson, a government informant who testified about his prior dealings with Meridyth and the events surrounding the drug transaction. Of course, "the jury is the final arbiter of the credibility of witnesses." **United States v. Bermea**, 30 F.3d 1539, 1552 (5th Cir. 1994), *cert. denied,* 513 U.S. 1156 (1995). In any event, the following additional evidence was introduced: corroborating testimony by detective Medrano, who observed the transaction; evidence linking Meridyth to the cellular telephone number and vehicle used in the transaction; an audio tape of the transaction linking Meridyth to the drugs; and evidence of attempts by Meridyth to evade arrest. In short, there was *no* manifest miscarriage of justice.

Second, Meridyth asserts he was denied a fundamentally fair trial because of comments by the district judge, referring to the television show, "The Sopranos". *See **United States v. Johnston***, 127 F.3d 380, 388 (5th Cir. 1997), *cert. denied*, 522 U.S. 1152 (1998). Because Meridyth *failed* to object to those comments, we review *only* for plain error. *See, e.g., **United States v. Calverley***, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995).

2

After a recorded sample of Meridyth's voice was played for the jury (before it was played, Meridyth's lawyer stated that he "just want[ed] the jury to know that Mr. Meridyth read a script I wrote"), the district judge stated: "I don't think that script's going to sell to the [S]opranos"; and "I don't think Tony Soprano is worried about his brother being wired".  The comments were apparently made in an attempt to inject some humor into the proceedings.  Even assuming they were inappropriate, they did *not* affect Meridyth's substantial rights.  The jury was informed of its duty to determine credibility; and was instructed to consider *only* the evidence adduced at trial and to *disregard* any comments by the court.  *See. e.g.,* **Johnston**, 127 F.3d at 388.  There was *no* plain error.

*AFFIRMED*

3