IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10614
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR JACKSON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CR-75-2
- - - - - - - - - -
October 30, 2001

Before JOLLY, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arthur Jackson appeals his sentence from a guilty-plea conviction for a false statement on a loan application and aiding and abetting in that offense. *See* 18 U.S.C. §§ 2, 1014. Jackson argues that the district court erred when it calculated his sentence based on relevant conduct. He also argues that the district court abused its discretion when, as an alternative sentencing basis, it imposed an upward departure under the 1989 version of the Sentencing Guidelines rather than using the guidelines in effect at the time of sentencing.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err when it calculated Jackson's sentence based on relevant conduct. The record supports the finding that Jackson was aware of and participated in the various acts outlined in the presentencing report. *See United States v. Anderson*, 174 F.3d 515, 524 (5th Cir. 1999)(findings of fact reviewed for clear error). Moreover, these acts of relevant conduct were part of the same course of conduct or ongoing scheme or plan as the offense of conviction. *See* U.S.S.G. § 1B1.3(a)(2) (Nov. 1989)*; Anderson*, 174 F.3d at 526. The actions were all fraudulent banking practices, perpetrated with the aid of the same accomplice (codefendant Roy Stevens), with the same victim (the First State Bank of Vega, Texas), and dedicated to the same purpose. Whether by giving false information on a loan application, writing bad checks, or creating false wire transfers, Jackson and Stevens attempted to keep Jackson in business by circumventing banking laws. They obtained credit for Jackson's cattle business that he otherwise would not have been entitled to and created the false impression that he had sufficient funds to cover his liabilities.

The district court did not commit plain error when it used the 1989 sentencing guidelines to calculate Jackson's sentence. This court has discretion to correct plain errors. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994). An error is plain if it is clear and obvious, and if it affects a substantial right. *United States v. Olano*, 507 U.S. 725, 733 (1993). Although the 1998 sentencing guidelines were in effect when Jackson was sentenced, the district court did not commit plain error by using

the 1989 version of the guidelines because that edition was more beneficial to Jackson. Had the district court used the 1998 version, as Jackson now urges, his offense level would have been 24 rather than 19. Therefore, Jackson's sentence is AFFIRMED.