IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRUZ RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(L-01-CR-838-ALL)

December 3, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Cruz Ramos appeals his guilty-plea conviction for transporting undocumented aliens within the United States in violation of 8 U.S.C. § 1324 & 18 U.S.C. § 2. Ramos contends: the factual basis was insufficient to support his guilty plea; and the district court misadvised him regarding the nature of his plea because the indictment alleged only that the aliens "entered" the United States and that he furthered such violation. Ramos asserts that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual basis did not support that he assisted the aliens' entry into the United States because their entry had already been completed at the time he transported them.

FED. R. CRIM. P. 11(f) requires the district court to ensure there is a factual basis for the plea by comparing "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information" to ensure that the defendant's conduct falls within the charge. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir.) (en banc) (citation omitted), *cert. denied*, 122 S. Ct. 37 (2001). Rule 11(c) requires the district court to advise the defendant of, and to determine that he understands, among other things, "the nature of the charge to which the plea is offered[.]" *See* FED. R. CRIM. P. 11(c)(1). Ramos did not object to any claimed Rule 11 error. Therefore, his challenges are reviewed only for plain error. *See United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002).

Current law does not support Ramos' reading of the meaning of the term entry and/or entered as it is used in § 1324(a)(1)(A)(ii). Therefore, the district court did not commit plain error. *See United States v. Calverley*, 37 F.3d 160, 162 (5th Cir.), *cert. denied*, 513 U.S. 1196 (1995)(en banc); *United States v. Hull*, 160 F.3d 265, 272 (5th Cir.), *cert. denied,* 526 U.S. 1136 (1998).

*AFFIRMED*.