United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41046
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA RACHEL URBINA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-4-1
--------------------

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maria Rachel Urbina has appealed her conviction for possession of more than five kilograms of methamphetamine with intent to distribute. Urbina contends that the evidence was insufficient to prove her guilt beyond a reasonable doubt.

The drugs for which Urbina was convicted were found concealed in the dashboard of a car which Urbina drove into the Falfurrias Border Patrol Checkpoint. Because the drugs were hidden, the Government was required to present "circumstantial evidence that is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicious in nature or [which] demonstrates guilty knowledge." United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995) (internal quotations and citation omitted). Urbina contends that the evidence was not sufficient to establish beyond a reasonable doubt that she knew the drugs were concealed in the dashboard.

Urbina cried as the car was being searched. Urbina contends that this evidence was equally indicative of guilt and innocence, as she would naturally cry upon realizing that she had been duped. See United States v. Ortega-Reyna, 148 F.3d 540, 547 (5th Cir. 1998). The fact that Urbina cried while the car was being searched was not the only circumstantial evidence from which the jury could have inferred guilty knowledge, as Urbina's post-arrest statement was incomplete and implausible. We hold that a reasonable juror could have concluded that Urbina's knowledge of the presence of the drugs was established beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Urbina contends that the Government commented improperly on her post-arrest silence in violation of the rule in Doyle v. Ohio, 426 U.S. 610, 617-18 (1976). "A prosecutor's or witness's remarks constitute comment on a defendant's silence if the manifest intent was to comment on the defendant's silence, or if the character of the remark was such that the jury would naturally and necessarily so construe the remark." United States v. Carter, 953 F.2d 1449, 1464 (5th Cir. 1992) (citation omitted). The reviewing court must consider the remarks in the context in which they occurred. United

2

States v. Laury, 985 F.2d 1293, 1303 (5th Cir. 1993).

Urbina complains that the rule in Doyle was violated because a Government witness testified that Urbina would not or could not respond to his questions regarding inconsistencies in her story and because the Government argued that Urbina's story should not be believed because she had omitted critical facts. Urbina concedes that the issue should be reviewed for plain error. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc); see also Laury, 985 F.2d at 1304. This court will find plain error only if there was an error which was clear and obvious and which affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). When these elements are present, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal citations, quotation marks, and brackets omitted).

Although the witness' testimony and the Government's reference to the testimony in its closing argument did violate Doyle, reversal is not required under the plain-error standard, because the testimony was not significant in the context of the entire trial and the record contains sufficient evidence of Urbina's guilt. See Laury, 985 F.2d at 1303-04. Other portions of the Government's argument complained of by Urbina did not violate Doyle because they pertain to affirmative statements made by Urbina in her post-arrest statement and were not manifestly designed to

3

cause the jury to infer guilt because Urbina exercised her Fifth Amendment right to remain silent.  See Pitts v. Anderson, 122 F.3d 275, 282 (5th Cir. 1997); see also Anderson v. Charles, 447 U.S. 404, 408 (1980).  To the extent that the Government's argument did violate Doyle, the failure to correct the error will not result in a manifest miscarriage of justice.  See United States v. Garcia-Flores, 246 F.3d 451, 455-57 (5th Cir. 2001).

Urbina contends that 21 U.S.C. § 841(a)&(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Urbina concedes that this court has rejected this argument.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  She states that she wishes to preserve the issue for further review.  The conviction is

AFFIRMED.