United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50801
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DON WATKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-13-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Don Watkins (Watkins) appeals his convictions for manufacturing methamphetamine, theft of anhydrous ammonia with intent to manufacture methamphetamine, and possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 843(a)(6), and 864(a)(1). Watkins contends that the district court erred by not giving the jury the statutory definition of the term "manufacture" after the jury sent a note to the court requesting a definition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record reflects that Watkins' counsel waived this issue by advising the district court that he had no objection to the court's proposed response to the jury, which advised the jury that words not specifically defined in the court's instructions were to be given their ordinary meaning.  Because Watkins waived this issue, it is unreviewable.  See United States v. Musquiz, 45 F.3d 927, 931-32 (5th Cir. 1995) (citing United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc)).  Even if the issue was reviewable, the district court did not err because the term "manufacture" is within the common understanding of a juror.  See United States v. Beasley, 519 F.2d 233, 245 (5th Cir. 1975), vacated on other grounds, 425 U.S. 956 (1976); see also United States v. Chenault, 844 F.2d 1124, 1131 (5th Cir. 1988).

AFFIRMED.