United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-41251
SUMMARY CALENDAR

————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW BYRON LEEWRIGHT,

Defendant - Appellant.

————————————————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Texas
(6:03-CR-6-ALL)

————————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

   In this appeal, we review Andrew Leewright's conviction and sentence pursuant to 18

U.S.C. § 1462 for use of an interactive computer service for receipt of obscene matter in

interstate commerce. For the following reasons, we uphold the conviction and sentence.

————————————————

   [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Leewright was arrested after authorities discovered more than 100 computer files of images depicting various post-pubescent females under the age of 18 on Leewright's home computer. Leewright later pleaded guilty to use of an interactive computer service for receipt of obscene matter in interstate commerce.

According to the Presentence Report, the base offense level for a violation of 18 U.S.C. § 1462 is 15 when the sexual exploitation of a minor is involved. Two additional offense levels were added because the crime involved the use of a computer. An additional two offense levels were added because Leewright's computer contained at least 10 images. U.S.S.G. § 2G2.4(b)(2). Finally, Leewright received a three-level reduction for acceptance of responsibility, leaving him with a base offense level of 16. With Leewright's criminal history category of I, the guideline range for imprisonment was 21 to 27 months.

Leewright objected to the Presentence Report, arguing that the two-level increase pursuant to U.S.S.G. § 2G2.4(b)(2) for his computer containing at least 10 images was inappropriate. Leewright argued that the term "item," as it is used in U.S.S.G. § 2G2.4(b)(2), refers not to individual images, but to computer disks. Essentially, Leewright wanted the hard drive in his computer to count as one item for the purposes of sentencing.

The trial court denied Leewright's objection and sentenced him to 21 months' imprisonment. This appeal timely followed.

## II.

### APPLICATION OF U.S.S.G. § 2G2.4(b)(2)

Leewright argues on appeal that U.S.S.G. § 2G2.4(b)(2) should not apply because prior to its amendment, the guideline was unclear as to the meaning of the term "item." He further argues that Amendment 592, the amendment that explicitly includes individual computer files in the definition of "item" for the purposes of U.S.S.G. § 2G2.4(b)(2), was enacted following his crime. Leewright argues that because U.S.S.G. § 2G2.4(b)(2) was ambiguous prior to its amendment, the district court should have interpreted the term "item" to exclude individual computer files. According to Leewright, the application of Amendment 592 would violate the ex post facto clause.

Leewright did not present his ex post facto argument to the district court. Thus, we review the argument for plain error. *United States v. Musa*, 45 F.3d 922, 924 & n.5 (5th Cir. 1995). This court may correct forfeited errors only when the appellant shows that (1) there is an error; (2) the error is clear or obvious; and (3) the error affects the appellant's substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994).

To avoid ex post facto problems, the district court must apply the version of the Sentencing Guidelines in effect at the time of the offense. *United States v. O'Brien*, 18 F.3d 301, 301 n.1 (5th Cir.1994); U.S.S.G. § 1B1.11(b)(1). Amendment 592 became effective November 1, 2000. *United States v. Reedy*, 304 F.3d 358, 366 n.11 (5th Cir. 2002); U.S.S.G. § 2G2, comment. (n.2). Thus, to avoid an ex post facto problem Leewright's offense must have predated the amendment.

The Government contends that Leewright's crime followed the effective date of the

amendment.  Leewright also conceded this point by pleading guilty to receiving obscene matter between the August 1, 2001 and October 26, 2001.  The suggestion by Leewright that his subscription to the child pornography computer service from which he downloaded the obscene files ended in August of 2000, is insufficient to show plain error.  Thus, Leewright has not shown that the conclusion that his offense predated Amendment 592 is clearly obvious or erroneous.  *See Calverley*, 37 F.3d at 162-64.

III.

CONCLUSION

For the foregoing reasons, we uphold the sentence and conviction.