**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21028
Summary Calendar

CAROLYN A. ONISHEA,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1829

Before JOLLY, JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Carolyn A. Onishea appeals the district court's judgment affirming the Commissioner's denial of her application for Supplemental Security Income benefits.  This court's review of the Commissioner's decision is limited to determining whether the Commissioner used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence.  See Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Onishea argues that the administrative law judge (ALJ) failed to comply with Social Security Ruling (SSR) 96-7p, which required specific reasons for his determination regarding Onishea's credibility. She argues specifically about her subjective complaints of her leg pain, weakness, and numbness, and about the side effects of her medications. The ALJ found Onishea's subjective complaints to be generally credible but not to the extent she alleged that she is completely unable to perform any work activity. The ALJ's reasons are sufficiently articulated in his decision to comply with SSR 96-7p. Moreover, the ALJ's credibility determination is supported by substantial evidence in the record as a whole.

Onishea argues that the ALJ failed to assess her residual functional capacity (RFC) in accordance with Myers v. Apfel, 238 F.3d 617 (5th Cir. 2001), and SSR 96-8p, which require the ALJ to make a function-by-function analysis of a claimant's ability to do work-related activities. The ALJ based his assessment of Onishea's RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations. Thus, the ALJ employed the legal standard set forth in Myers and SSR 96-8p in determining Onishea's RFC.

Onishea also argues that the ALJ erred in failing to consider all of her impairments and subjective complaints in determining her RFC, specifically regarding her obesity, leg numbness and pain, and medication side effects. This argument is

unsupported by the record, which shows that the ALJ considered all of Onishea's severe medical impairments, including her obesity, and her subjective complaints of leg pain and numbness and medication side effects in determining her RFC.

Onishea argues that the ALJ should have assessed the number of times she requires the use of a restroom in determining her RFC. The ALJ found that Onishea had the RFC to perform light work with the need, inter alia, for restroom access. Onishea did not present any evidence regarding the specific number of times she needs to use the restroom. She points to no authority requiring the ALJ to assess sua sponte the frequency of restroom use when there is no evidence of this in the record.

For the first time on appeal, Onishea argues that the ALJ was precluded by the doctrine of res judicata from finding that she could return to her past relevant work as a security guard. Even if it is assumed that the doctrine applies because the ALJ found that Onishea could return to her past work as a cashier, Onishea has not shown that any error affected her substantial rights. Thus, she has not shown plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

**AFFIRMED.**

3