**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40824
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME CHAVEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-151-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Chavez pleaded guilty pursuant to a written agreement to transporting illegal aliens. Chavez appeals the 14-month sentence he received after the district court revoked his second term of supervised release.

Chavez argues that the district court plainly erred when it revoked the second term of supervised release it imposed on September 24, 2002, because, under 18 U.S.C. § 3583(d), the district court was not authorized to impose as a condition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release that he be confined in a community corrections facility.

Chavez fails to establish that the district court's imposition of residence at a community corrections center as a condition of supervised release was clear or obvious error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). The 2001 Sentencing Guidelines, to which Chavez was subject, plainly state that residence in a community treatment center may be imposed as a condition of supervised release. U.S.S.G. § 5D1.3(e)(1), p.s.; § 5F1.1. The 2001 Sentencing Guidelines are not in conflict with 18 U.S.C. § 3583(d), which authorizes the district court to impose any condition it considers to be appropriate.

AFFIRMED.