United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60076
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESSE M. SKINNER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-93-1-BrGu
- - - - - - - - - -

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jesse M. Skinner was convicted by a jury of various federal
firearms and controlled substances offenses.  Skinner now appeals
and argues that the district court erred in denying his motion to
suppress the evidence.  We review the district court's denial of
a motion to suppress evidence seized pursuant to a warrant to
determine (1) whether the good-faith exception to the
exclusionary rule applies, see United States v. Leon, 468 U.S.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

897, 922-23 (1984); and (2) whether the warrant was supported by a probable cause. United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992). If the good-faith exception applies, it is unnecessary to address the probable cause issue. Id. Although Skinner filed a motion to suppress in the district court, he did not specifically raise the challenges to the search warrant he presents on appeal. Therefore, review is limited to plain error. United States v. Maldonado, 42 F.3d 906, 909-12 (5th Cir. 1995); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Skinner fails to show that the warrant application so misled the issuing magistrate judge that the Government was not entitled to rely on the good-faith exception to the exclusionary rule. Leon, 468 U.S. at 923. Skinner fails to meet his burden of showing that either of the purported misstatements or omissions he cites were made deliberately or with reckless disregard for the truth. United States v. Benbrook, 40 F.3d 88, 92 (5th Cir. 1994).

Skinner's argument that his sentence must be reversed in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), is raised for the first time on direct appeal and is, therefore, reviewed for plain error. See United States v. Cotton, 535 U.S. 625, 631-32 (2002); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). Skinner fails to establish plain error because he fails to carry

his burden of demonstrating that he would have received a different sentence had he been sentenced under the <u>Booker</u> advisory Guidelines regime rather than the pre-<u>Booker</u> mandatory regime.  <u>See</u> <u>Mares</u>, 402 F.3d at 522.

AFFIRMED.