United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60925
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FARWETT MILTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CR-11-1
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

   Farwett Milton appeals his 70-month prison sentence for his

guilty-plea conviction of distribution of more than five grams of

cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Milton

contends that the district court erred in determining the

quantity of cocaine base attributable to him for sentencing

purposes.  He asserts that the district court should not have

considered conduct in five indictment counts that were dismissed

pursuant to Milton's plea agreement.

-----

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Milton raised such a contention in his objections to the presentence report; however, he explicitly withdrew the contention at the beginning of his sentencing hearing. The withdrawal of an objection constitutes the waiver of that objection by the defendant. United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). "Waived errors are entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." Id. Milton's withdrawal of his sentencing objection amounted to a waiver thereof and renders the objection unreviewable on appeal. See id.

For the first time on appeal, Milton contends that the district court's consideration of conduct from the dismissed counts violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005). Even after Booker, a district court is required to calculate the guidelines range in the same manner as before Booker and to make factual findings by a preponderance of the evidence. United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). Milton has not established error, plain or otherwise, as to his Booker claim. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

The judgment of the district court is AFFIRMED.